### GAGGIANO v. GIALLORENZI.

(Supreme Court, Appellate Term. March 24, 1899.)

1. LEASES—PROVISION FOR RENEWAL—NOTICE.
   A tenant must give notice or request a renewal of a lease to avail himself of a provision wherein the landlord "agrees to renew" at its expiration.

2. APPEAL—SUFFICIENCY OF EVIDENCE.
   A judgment on conflicting evidence, in summary proceedings for the removal of a tenant, will be sustained, if it does not appear that injustice has been done.

Appeal from municipal court, borough of Manhattan.

Action by Vincent Gaggiano against Agostino Giallorenzi. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

John Palmeeri, for appellant.

Thomas W. McKnight, for respondent.

FREEDMAN, P. J. This is a summary proceeding taken by the plaintiff, as landlord, against the defendant, as tenant, to remove the defendant from certain premises described in the petition, on the ground that the tenant holds over after the expiration of his term. The lease under which the tenant claimed to hold the premises was for the term of three years from January 1, 1899, and contained this provision: "The party of the first part agrees to renew this lease at the expiration thereof for another term of two years, at the rental hereinbefore stated." The legal implication is that this was to be done at the tenant's request, and in a manner binding upon the parties. The lease expired January 1, 1899, and it is undisputed that notice of its expiration was given by the landlord. Upon the trial the burden of proof rested upon the tenant to show that he gave a proper notice or made a proper request for a renewal of the lease in a manner binding upon the parties. No written notice to that effect was given. The only evidence upon this point consists of a conversation which the son of the tenant testified he had with the landlord in December, 1898, but his testimony shows that what he said to the landlord was more in the nature of an inquiry than an unconditional notice or request for a renewal of the lease in a binding form. Moreover, the landlord denied that any such conversation had ever taken place. At most, therefore, the case presents a conflict of evidence, which the court below determined in favor of the landlord, and, as it does not appear that

injustice has been done, such determination should not be interfered with.

Order affirmed, with costs. All concur.