PETER PIPER TAILORING COMPANY, Respondent,
v. PRESTON DOBBIN, et al, Appellants.

Kansas City Court of Appeals, March 5, 1917.

1. **LANDLORD AND TENANT**: Contract: Burglary: Tort. A land-
lord is under no obligation to the tenant to protect the latter's
property, placed in the building, from burglary, unless he contracts
to do so; and no contract is implied from the relation of landlord
and tenant. If the landlord does so contract, and breaches it,
the tenant's action is on the contract and not in tort

2. ———: ———: ———: Duty Implied: Action: Tort. There is no
duty implied from the relation of landlord and tenant for the
former to protect the latter's goods placed in the rented building,
from burglary. Therefore an action in tort does not lie in such
case against the landlord.

3. ———: Repair: Contract: Action: Tort. A landlord is under no
obligation to repair the rented premises unless he contracts to do
so. If he does so contract and breaches it, the tenant's action
is on the contract and not in tort.

4. **NAME**: "Junior:" Motion for New Trial: Affidavit. The word
"Junior" appended to a man's name signifies the younger but is
no part of a man's name and if left off in a motion for new trial or
affidavit in appeal has no effect on the party's right.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas*
Judge.

REVERSED AND REMANDED.

*Ross B. Gilluly* for appellants.

*Handy & Swearingen for respondent.*

ELLISON, P. J.—Plaintiff's action is for damages
alleged to have resulted to it by reason of a burglarious
entry by some unknown person into its place of busi-
ness, which it had rented from defendants, and taking
therefrom various articles of merchandise of the value
of five hundred and ten dollars. The judgment in the
trial court was for plaintiff.

It appears from the record that plaintiff was a tenant of defendants, occupying a part of the second floor of their building at the corner of 10th and Walnut streets, Kansas City, Missouri. There is question made whether plaintiff was properly a tenant of defendants, or merely a joint occupant of the space by contract with the real tenant; but, as that does not affect our conclusion, we pass it by, with the concession to plaintiff that it was regularly in possession of the premises as defendants' tenant. The line of distinction between contract and tort is not easy to trace through the evidence and the instruction in plaintiff's behalf. But it is certain that the petition is for a tort, in that defendants, through their employee, a night watchman, negligently failed to protect plaintiff from the burglary whereby it was damaged by the loss of property taken. The petition is much too full, caused by recitation of evidentiary detail. But, withal, it is clearly charged that it was the "duty" of defendants, as landlords, to maintain and keep a night watchman in the building. It is then alleged the watchman "carelessly and negligently went to sleep and slept for a considerable length of time," and that during the time he slept the burglary was committed, whereby the damage resulted to plaintiff in the value of the goods taken. There is nothing alleged in the petition concerning a contract whereby defendants agreed, for a consideration rendered, to maintain a watchman to guard and protect plaintiff's goods; though it is incidentally stated that plaintiff's "employees were refused a key to the entrance to said building by defendants on the ground that defendants were responsible to their tenants' occupying said building for the safe keeping of tenants' goods and chattels in said building, and plaintiff relied upon defendants to so watch said building and plaintiff's property therein." But, as stated, no contract is declared upon.

A landlord is under no obligation to protect his tenant's property, placed in the premises, from burglary, unless he contracts to do so, and no contract is implied from the relation of landlord and tenant. An action

in tort does not lie in such case against the landlord, for the reason that such action should be founded on a breach of duty and no duty is owing in that respect. Therefore the petition herein does not state a cause of action and defendant's objection on that ground should have been sustained.

The principle involved in the relation of landlord and tenant as to the contract, of the landlord to repair and his duty to do so, may be invoked in this case. In the absence of a contract the landlord is under no obligation to repair; and if he does contract to repair and fails to do so, the action to the tenant is for a breach of the contract and not in tort for negligence. [Glenn v. Hill, 210 Mo. 291; Daily v. Vogl, 187 Mo. App. 261; Murphy v. Dee, 190 Mo. App. 83.] The entire subject is discussed by the Supreme Court in an opinion by Judge WALKER in the late case of Kohnle v. Paxton, 268 Mo. 463, 188 S. W. 155.

There are three defendants. Two of them are Henry H. Schoellkopf, and Henry H. Schoellkopf, Junior, father and son. In the motion for new trial and appeal papers, Junior, is not appended to the son's name. Plaintiff therefore insists that he has not appealed and the judgment should not be disturbed as to him. The point is not well taken. Junior, signifying the younger, is merely descriptive and no part of the name. [Hunt v. Searcy, 167 Mo. 158; People v. Collins 7 Johns. 549; Simpson v. Dix, 131 Mass. 179; Bonardo v. People, 182 Ill. 411; State v. Dankwardt, 107 Iowa 704; State v. Lewis, 83 N. J. L. 161; Gutheil v. Dow, 177 Ind. 149.]

The judgment is without a cause of action to support it and it is consequently reversed, and the cause remanded, to the end that plaintiff may amend its petition, if amendment may properly be had, as to which we do not say. All concur.