42 N.J. Super. 169 (1956)
126 A.2d 51
FAY McCAPPIN AND ANGELINA MORRIS, PLAINTIFFS-RESPONDENTS,
v.
PARK CAPITOL CORPORATION AND EDWARD NAUGIN, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 8, 1956.
Decided October 19, 1956.
*170 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Nathan Blumberg argued the cause for the defendants-appellants (Messrs. Chazin & Chazin, attorneys).
Mr. Irwin J. Silverlight argued the cause for the plaintiffs-respondents (Messrs. Frank S. & Myron Weiner, attorneys).
The opinion of the court was delivered by FREUND, J.A.D.
This is an appeal from a judgment in favor of the plaintiff Fay McCappin, entered upon a jury *171 verdict in the amount of $200, allegedly stolen from her apartment in premises owned by the defendant Park Capitol Corporation, as a result of the negligence of its superintendent, the defendant Edward Naugin.
An agreed statement of facts is submitted in lieu of record, R.R. 1:6-2. The plaintiff Fay McCappin, who on her own behalf instituted this proceeding, joining Angelina Morris as a co-plaintiff, testified as follows: She and Angelina Morris rented a third-floor apartment in September 1954, at which time she saw a keyboard in the superintendent's apartment. In March 1955 she placed $200 in a bureau drawer. Three days later when, upon returning to the apartment, she next looked for the money, it was missing. The keyboard which had previously been in the superintendent's apartment had been moved to a portion of the basement which was off an open corridor and upon investigation, after discovery of her loss, she noticed that some keys, including the key to her apartment, were missing from the board.
Fay McCappin further testified that her apartment had no fire escape or entrance other than the front door, which apparently had not been forced. Both she and her roommate had keys to the apartment, and occasionally had visitors. Her roommate did not testify.
At the conclusion of the plaintiffs' case the defendants moved for a directed verdict, urging that no causal relationship had been shown between the defendants' actions and the plaintiff's loss. The motion was denied. The defendant Naugin then testified that after he became superintendent of the building in September 1954 he changed all the locks on the apartments and put the keys and the keyboard in the workshop portion of the basement "for convenience of all."
The defendants appeal from the judgment in favor of Fay McCappin on the ground that there was no proof of causal relationship between the defendant's negligence and the plaintiff's loss, either at the end of the plaintiff's case or at the end of the entire case.
*172 The law is clear that the mere relationship of landlord and tenant does not impose on a landlord the duty to protect his tenants' property from thieves. Teall v. Harlow, 275 Mass. 448, 176 N.E. 533 (Sup. Ct. 1931). Recovery against a landlord for loss sustained because of theft must be predicated either upon the breach of a contractual obligation or upon a showing of negligence constituting the proximate cause of the loss. Peter Piper Tailoring Co. v. Dobbin, 195 Mo. App. 435, 192 S.W. 1044 (App. Ct. 1917); Benjamin v. Brooklyn Trust Co., 185 Misc. 296, 57 N.Y.S.2d 816 (Sup. Ct. 1945), appeal denied 269 App. Div. 939, 57 N.Y.S.2d 846 (1945); cf. Ridgely Operating Co. v. White, 227 Ala. 459, 150 So. 693 (Sup. Ct. 1933).
To establish proximate cause, it is sufficient to show that according to the common experience of mankind the resulting injury was a reasonably foreseeable consequence of the negligent act. Guinn v. Delaware & Atl. Telephone Co., 72 N.J.L. 276 (E. & A. 1905); Somerset Crushed Stone v. Explosive Sales Co., 28 N.J. Super 210, 217 (App. Div. 1953). The plaintiff argues that the superintendent's act in placing the keyboard with the apartment keys on it in an area accessible to an open corridor stood as an invitation of entry to all who chose to accept it, and that their use by an unauthorized person, even for a criminal purpose, was reasonably foreseeable. Thus, the loss which resulted could reasonably have been anticipated; it was a risk which the superintendent himself created and assumed. Menth v. Breeze Corporation, Inc., 4 N.J. 428, 440 (1950); Harpell v. Public Service Coordinated Transport, 35 N.J. Super. 354, 366 (App. Div. 1955), affirmed 20 N.J. 309 (1956); DeLorena v. Slud, 95 N.Y.S.2d 163 (N.Y. City Ct. 1949); Restatement, Torts, § 449 (1934); Eldredge, "Culpable Intervention as Superseding Cause," 86 Pa. L. Rev. 121 (1937); Freezer, "Intervening Crime and Liability for Negligence," 24 Minn. L. Rev. 635 (1940); Note, 24 Minn. L. Rev. 666 (1940); cf. Breker v. Lakewood Water Co., 12 N.J. Misc. 721 (Sup. Ct. 1934); Levin v. Eleto Realty Corporation, 160 Misc. 141, 289 N.Y.S. 667 (Sup. Ct. *173 1936). Accordingly, it is contended that an intervening agency will not excuse defendant's negligence.
The burden of proof was upon the plaintiff to establish that her loss was proximately caused by the defendant's act. The rule as set forth in Flexmir, Inc. v. Lindeman & Co., 4 N.J. 509, 514 (1950), is that in such an action a plaintiff is not required to prove with certainty that the defendant's act caused her damage; "the test is one of probability" but "the evidence must be such as to justify an inference of probability as distinguished from mere possibility." In the instant case, there is no proof that the plaintiff's key ever was on the keyboard. Perhaps the defendant's testimony that he put "the keys" on the keyboard may be construed to mean that keys to all the apartments, including the plaintiff's, were placed there. However, conceding this, the record is devoid of any proof as to when or by whom the plaintiff's key was removed. If it was missing long before the theft, the causal relationship is indeed dubious. Moreover, the plaintiff's money might have been taken during any one of the three days that preceded her discovery of its loss  indeed, the key may not have been missing from the keyboard when her money was taken.
An analogous situation was presented in Panglorne v. Weiss, 86 N.J.L. 286 (E. & A. 1914). There, the tenant left her apartment at 7:30 A.M., and at 2:15 P.M. the landlord removed the lock in order to repair it. When the tenant returned, she found the door open, and a ring and some money missing. On appeal from a judgment for the plaintiff, the court held that the evidence failed to establish proximate cause between the removal of the lock and the plaintiff's loss, stating: "For aught that appears, the loss may have happened after the plaintiff left and before the lock was removed." So here  the loss may have occurred while the plaintiff's key was still on the keyboard or, indeed, may have occurred without the use of such key.
In view of the failure of proof of proximate causation between the defendants' acts and the plaintiff's loss, the judgment is reversed.