132 N.J. Super. 51 (1974)
332 A.2d 212
NATHAN BRAITMAN AND OLGA BRAITMAN, PLAINTIFFS-RESPONDENTS,
v.
OVERLOOK TERRACE CORP., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 21, 1974.
Decided December 27, 1974.
*53 Before Judges COLLESTER, LORA and HANDLER.
Mr. Jeffrey E. Allen, attorney for appellant.
Mr. Sydney I. Turtz, attorney for respondents.
The opinion of the court was delivered by HANDLER, J.A.D.
Plaintiffs were new tenants in defendant's high rise apartment house in West New York and moved in on March 16, 1971. On the same day they reported to the office that there was a leak and the "deadlock" or bolt lock on the door did not work. Thereafter, the leak was repaired but the bolt lock was not, although the broken lock was reported on at least two other occasions. On March 24, someone entered the apartment and stole personal property valued at $6,100.
According to the evidence, when the theft occurred, in addition to the non-functioning bolt lock, there was a slip lock on the door which was in working condition. This slip lock works through buttons on the door and provides a double lock. With respect to plaintiffs' apartment, however, since the bolt lock was inoperative, the door could not be *54 double locked. The slip lock itself, while operable, could be manipulated in such a way that it would be possible to open the door without a key.
The trial court, as the trier of fact, determined that the landlord in this case had a duty to provide reasonable security against theft by providing locks on plaintiffs' apartment door. It was also found that up to and including the day of the theft, the landlord had not furnished adequate locks since the only operable lock on the door, the slip lock, could be easily released through the use of something flexible, like a piece of celluloid. The landlord had knowledge of the defect and sufficient time to repair or replace the bolt lock. Further, it was found that, since there had occurred recently a number of break-ins in high-rise apartments in the area, there was a foreseeable risk of theft because of apartment doors being inadequately or insufficiently secured. The court concluded that not only was it foreseeable that a theft might occur by "slipping the lock" but that access to the apartment by the robbers was gained in this way and that the negligence of defendant in not repairing the lock  or permitting plaintiffs to put on their own lock  was the proximate cause of the robbery. It also rejected the defense of contributory negligence.
Defendant contends that it acted in a reasonable manner under the circumstances and its conduct regarding the repair and replacement of the bolt lock on plaintiffs' apartment did not constitute negligence. It emphasizes that, in addition to installing temporary and permanent locks on apartment doors, there was at least one operable lock on the door and that further security for the tenants of the apartment was provided by an automatic lock on the service door, an intercommunications system and the posting of a guard. It also asserts that plaintiffs' loss through robbery was not proximately caused by any dereliction of defendant but rather by an intervening act of a third person which was neither reasonably foreseeable nor subject to defendant's control. The additional finding of the court that *55 defendant refused to allow plaintiffs to install their own lock through a private locksmith is also challenged. The determination that this constituted added negligence on the part of the landlord, we do not uphold since the evidence did not support the court's primary finding that permission to repair the lock was actually sought by plaintiffs and specifically denied by the landlord. Our rejection of this finding, however, is not dispositive of the appeal.
It has been recognized that the mere relationship of landlord and tenant does not impose upon the landlord a duty to protect the tenant against the criminal activities of third persons. See generally, Annotation, "Landlord's Duty to Protect Against Crime," 43 A.L.R.3d 331 (1972). Recovery against a landlord for a loss occasioned by theft may, however, be predicated on a showing of negligence constituting a proximate cause of the loss. Such proximate cause can be established by demonstrating that according to the common experience of mankind the resulting injury was a reasonably foreseeable consequence of the negligent act. McCappin v. Park Capitol Corp., 42 N.J. Super. 169, 172 (App. Div. 1956). As stated in Genovay v. Fox, 50 N.J. Super. 538, 550-551 (App. Div. 1958), rev'd on other grounds 29 N.J. 436 (1959):
The fact that the risk of harm to the plaintiff was attributable to voluntary activity of others not under the control of the defendant does not of itself preclude liability if the harm by human intervention was foreseeable and a reasonable man so situated would take precautions to prevent it. (citations omitted) * * * The criminality of the activity is but one circumstance in the foreseeability of the harm.
Thus, while a duty may not be posited solely upon the relationship of landlord and tenant, a landlord does owe a duty to take reasonable steps to protect a tenant from foreseeable criminal acts committed by third persons. Kline v. 1500 Mass. Ave. Apt. Corp., 141 U.S. App. D.C. 370, 439 F.2d 477 (D.C. Cir.1970); cf. Goldberg v. Housing Authority of Newark, 38 N.J. 578 (1962) and Mayer v. *56 Housing Authority of Jersey City, 84 N.J. Super. 411 (App. 1964), aff'd o.b. 44 N.J. 567 (1965).
In the context of the evidence, the critical issue affirmatively resolved by the trial court was whether it was reasonably foreseeable that a theft might occur because of defendant's failure to rectify the inadequate locks on plaintiffs' apartment door. In an analogous situation, it has been expressed that "the key to duty, negligence and proximate cause * * * is the foreseeability vel non to a reasonable man of an unreasonably enhanced hazard" created by defendant's negligence. Zinck v. Whelan, 120 N.J. Super. 432, 445 (App. Div. 1972). Also, Rappaport v. Nichols, 31 N.J. 188 (1959); Ney v. Yellow Cab Co., 2 Ill.2d 74, 117 N.E.2d 74 (Sup. Ct. 1954).
The findings of the court, based upon the evidence, indicate that the apartment door was inadequately secured through defendant's neglect, that this unreasonably enhanced the risk or hazard of a break-in and robbery and that such an occurrence was reasonably foreseeable. The evidence was also sufficient to support the findings that defendant had ample notice that the door was not adequately secured and sufficient opportunity to correct this condition. Compare, Tirado v. Lubarsky, 49 Misc. 2d 543, 268 N.Y.S.2d 54 (N.Y. Civ. Ct.), aff'd o.b. 52 Misc.2d 527, 276 N.Y.S.2d 128 (App. Div. 1966). The evidence showed as well that entry in all probability was effected by slipping the lock of the apartment. In contrast to Panglorne v. Weiss, 86 N.J.L. 286 (E. & A. 1914), as well as Mc Cappin v. Park Capitol Corp., supra, cited by defendant, the causal nexus in this case between the landlord's negligence and the tenant's loss was sufficiently shown. Proof of such causality need not be established to a certainty. The test as to whether defendants' act caused damage or loss is one of probability or likelihood. Mc Cappin v. Park Capitol Corp., supra, 42 N.J. Super. at 173; Zinck v. Whelan, supra, 120 N.J. Super. at 444-445; Restatement, Torts 2d § 448 (1964). Thus, the court's ultimate conclusion that the theft of plaintiffs' *57 property was proximately caused by defendants' negligent conduct in permitting the door to remain inadequately secured was firmly based upon the evidence.
Affirmed.