McCANE SONDOCK DETECTIVE AGENCY, Appellant,

v.

PENLAND DISTRIBUTORS, INC., Appellee.

No. 1038.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 30, 1975.

James Limmer, William Book, Pomeroy & Tekell, Houston, for appellant.

Ronald Tucker, Powell, Tucker, Kain & Reedy, Houston, for appellee.

COULSON, Justice.

Appellant, McCane Sondock Detective Agency, was sued for negligently failing to fulfill its obligations under a contract with the appellee, Penland Distributors, Inc.

Appellant is in the business of providing theft protection through electronic burglar alarm systems. The contract between the parties in this case was entered into on November 19, 1962. By the terms of the agreement, the appellant was to install and maintain a burglar alarm system on the appellee's premises. The appellee was obligated to pay a monthly fee for the service and to notify the appellant of any defects promptly. The contract limited the appellant's liability to $25 "in case of loss . . . resulting by reason of failure of the performance of the alarm system to operate. . . ." The appellant contends that this provision limiting liability should be operative in this case.

The burglar alarm system which was installed by the appellant is referred to as a "loop" system. The loop system consisted of a string of ten to fourteen transmitters at different locations linked together by telephone lines. Those lines lead into an electronic monitor called a "McCullouch Panel" located in the McCane Sondock alarm center. Each transmitter was connected to one or more electric contacts which, when activated, would send an electrical signal through the loop system to the appellant's monitor. To be operative the system had to be set by the appellee's employees. The loop system is distinguishable from a "direct line" system in that a group of customers are tied into a loop system, whereas, a direct line system links a single customer directly to a monitor in the McCane Sondock alarm center.

The contract between the appellant and the appellee did not specify any obligations other than those of installation and rental payment. However, the critical aspect of the system was the appellant's response to the signals which were transmitted through the loop system to the monitor in the Mc-Cane Sondock alarm center. The appellant maintained a service force of repairmen and investigators as well as a direct line with police headquarters. Upon receiving an alarm, the appellant normally contacted the police and simultaneously dispatched its own personnel to the location in question.

Sometime during the night of May 5, 1966, the appellee's warehouse storing alcoholic beverages was broken into and 409 cases of liquor were stolen. The warehouse was protected by the appellant's burglar alarm system (hereinafter the loop system). It can be reasonably concluded from the evidence that prior to entering the warehouse, the burglar or burglars cut the telephone line to the warehouse which linked its transmitter to the loop system. This act resulted in a flashing light on the monitor in the McCane Sondock alarm center warning of trouble on the loop. However, no indication that a contact had been activated was received on the monitor. The flashing light on the monitor indicating trouble on the loop did not pinpoint from where the trouble originated. The appellant determined that the trouble was "telephone company" trouble. The appellant, upon observing the light indicating trouble on the loop, did not contact the police department nor dispatch its own investigator or repairman. There was conflicting evidence on the question of whether the telephone company was contacted as soon as the light indicating trouble on the loop was observed, or eight hours later as is indicated by telephone company records.

In response to special issues, the jury found that the alarm system leased by the appellee operated on the night of the burglary; that, upon receipt of notice of trouble on the loop system, the appellant negligently failed to send a repairman or repairmen to check out the trouble on the loop; and that such negligence was a proximate cause of the loss suffered by the appellee. The jury found that $5,000 would reasonably compensate the appellee for the damages it suffered. On January

28, 1974, based upon the jury verdict, the trial court entered a final judgment for Penland Distributors, Inc. against McCane Sondock Detective Agency in the sum of $5,000, together with interest and costs. McCane Sondock Detective Agency has perfected its appeal from that final judgment.

The appellant has raised thirteen points of error on this appeal.

■ The third and sixth points of error urge that the trial court erred in submitting special issues number 1 and 2. Those issues sought to determine whether the burglar alarm system operated on the night in question, and whether the defendant was negligent in failing to respond to the flashing light giving notice of trouble on the loop system. A finding that the system did operate on the occasion in question was essential to the appellee's case. Without such a finding the contract provision limiting the appellant's liability to $25 would have been applicable. The appellant contends that there were no pleadings to support the submission of those issues.

■ The appellee was granted leave to file a trial amendment. The appellant has not challenged the validity of that trial amendment on appeal. The amended pleading reads in part:

. . . that Defendant McCane-Sondock Detective Agency failed to send a McCane-Sondock repairman or repairmen to check out the loop on the McCullouch panel which Penland Distributors, Inc. was on after receiving a signal on said burglar alarm system which would indicate that an irregularity had occurred on said loop and that such failure to dispatch said repairman or repairmen of McCane-Sondock Detective Agency was negligent and a proximate cause of the damages suffered by Plaintiff herein.

This pleading raises the pertinent questions. The operation of the loop system on the occasion in question is alleged by the statement that the defendant received a signal on the burglar alarm system. The negligence issue is raised in the allegation that failure to send repair personnel was negligence. The pleadings need not be drawn with absolute precision. It is sufficient if the language of the pleadings gave the defendant notice as to what issues were on trial. These pleadings meet that test. Morris v. J. I. Case Credit Corporation, 411 S.W.2d 783 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.); Mr. Eddie, Inc. v. Ginsberg, 430 S.W.2d 5 (Tex. Civ.App.—Eastland 1968, writ ref'd n. r. e.).

Points of error one and two deal with the sufficiency of the evidence on the first special issue finding that the alarm system operated on the night of the burglary. Appellant argues that the evidence on this point was either legally or factually insufficient.

■ The court cannot say that the evidence on this point is so weak that the ultimate fact issue cannot be reasonably inferred from it. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361, 363 (1960). Nor can we say that the decision of the jury is so against the great weight and preponderance of the evidence as to be clearly wrong or unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1952).

■ The evidence shows that Mr. Sondock, appellant's president, testified that a signal was received in the alarm center of McCane-Sondock on the night of the burglary. This signal admittedly indicated that there was some kind of trouble, presumably telephone trouble, on the loop which served the appellee. The appellant's employee, Brannon, testified that telephone lines connect the appellee's location with the alarm center and that when trouble arose on those lines a signal was received on the appellant's monitor. It is within the domain of the jury to draw reasonable inferences from the evidence. Apparently, the jury determined that the telephone lines were an integral part of the appel-

lant's operation and that the burglar alarm system would not be a system without those lines. Therefore, when the warning light at appellant's monitor indicated trouble on the telephone line, the system was operating. This is a reasonable inference from the evidence presented before the jury.

Appellant's fourth, fifth, seventh and eighth points of error focus on the sufficiency of the evidence on the issues of negligence and proximate cause. The main thrust of the appellant's argument is that its actions could not be a proximate cause of the loss suffered by the appellee as it was the action of some third party which caused the loss. The appellant contends that it is pure speculation to determine that any action on its part could have had any effect upon the burglar's success or failure. Vastola v. Connecticut Protective System, 133 Conn. 18, 47 A.2d 844 (1946) and an annotation in 165 A.L.R. 1254 are cited by the appellant as authorities for the proposition that a burglar alarm systems company should not be held liable, in spite of a showing of negligence, because the question of whether or not a loss would have occurred but for such negligence cannot be answered with any degree of certainty.

■ We do not agree with the reasoning offered by the appellant. The evidence is sufficient to present a jury question as to whether the appellant's negligence was a proximate cause of the appellee's loss. In Better Food Markets v. American Dist. Tel. Co., 40 Cal.2d 179, 253 P.2d 10 (1953), the California Supreme Court found that, where there had been a nine minute delay between the reception of a signal on a burglar alarm system and the reaction of the burglar alarm system's personnel to the alarm, there was a question for the jury on the issue of proximate cause. In this case, there is evidence that the alarm system operated by indicating that there was trouble on the loop system. The appellant did not dispatch a repairman. There is testimony that the tele-

phone company was not called until eight hours after trouble on the loop system was indicated to employees of McCane Sondock Detective Agency at its monitoring center. In addition, there was evidence that the burglar or burglars were on the appellee's property between an hour and hour and forty-five minutes. This evidence is sufficient to support the finding of the jury that the appellant was negligent in failing to respond to the notice of trouble, and that such negligence was a proximate cause of the loss suffered by the appellee. See, Braitman v. Overlook Terrace Corp., 132 N.J.Super. 51, 332 A.2d 212 (App.Div. 1974).

■ Appellant's ninth point of error complains that there was no special issue inquiring as to whether or not the employees of McCane Sondock Detective Agency were working in the course and scope of their employment. This point is overruled. Texas Rules of Civil Procedure, rule 272 states that "objections [to submission of special issues] shall in every instance be presented to the court in writing before the charge is read to the jury, and all objections not so made and presented shall be considered as waived." Tex.R. Civ.P. 279 puts the burden upon the party complaining of the insufficiency of the issues submitted to object in clear written form. No such objection was made by the appellant in accordance with Rule 272 and Rule 279.

■ In points of error 10 and 12, the appellant urges that the special issues submitted do not make it clear which defendant is being referred to in each question. This point of error is not well founded. The trial amendment made by the appellee at the close of its case specified only one defendant, McCane Sondock Detective Agency. The amended pleadings supersede all earlier pleadings not incorporated by reference. Zock v. Bank of Southwest National Ass'n, Houston, 464 S.W.2d 375 (Tex.Civ.App.—Houston [14th Dist.] 1971). The case went to the jury on the amended

pleading wherein only one defendant was named. For that reason, there was no need to have jury findings against a multiplicity of defendants or to have a finding on the question of whether McCane Sondock Protective Systems, Inc. assumed the liabilities of McCane Sondock Detective Agency.

■ The eleventh point of error raised by the appellant urges that the trial court erred in refusing to allow the appellant to cross-examine the appellee's witness, Thad Collier. During the trial, the appellant sought to ask the witness to explain the meaning and intent of two documents entered into evidence by the appellee. The documents were forms requesting the temporary removal of McCane Sondock alarm equipment from the appellee's warehouse. Collier had signed the directives for the appellee and was qualified to testify about them. The trial judge determined that the items in evidence were clear on their face and that the appellant's questions were unnecessary.

Although the cross-examination should have been allowed, the denial of cross-examination on this point did not constitute reversible error. It did not amount to "such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case . . . ." Tex.R.Civ.P. 434; Continental Casualty Company v. Thomas, 463 S.W.2d 501 (Tex.Civ.App.—Beaumont 1971, no writ).

■ The final point of error concerns the trial court's refusal to include an explanatory instruction on sole proximate cause as requested by the appellant. The doctrine of sole proximate cause constitutes an inferential rebuttable issue, and as such it is no longer submitted to the jury. Tex.R.Civ.P. 277. The trial court is directed by Rule 277 to submit "such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict. . . . " The sufficiency of the explanations necessary to that end is large-

ly left to the discretion of the trial judge. Gulf Insurance Company v. Vela, 361 S. W.2d 904 (Tex.Civ.App.—Austin 1962, writ ref'd n. r. e.). The denial of the appellant's requested instruction has not been shown to be an abuse of that discretion.

Each of the appellant's points of error has been considered and overruled.

Affirmed.