R. E. KNAPP et al., Appellants,

v.

Roy L. WILSON, Appellee.

No. 6490.

Court of Civil Appeals of Texas,
El Paso.

March 10, 1976.

Rehearing Denied March 31, 1976.

Edwards, Belk, Hunter & Kerr, John W. Welsh, Jr., El Paso, for appellants.

Peticolas, Luscombe, Stephens & Windle, Wayne E. Windle, Jr., Colbert N. Coldwell, El Paso, for appellee.

## OPINION

WARD, Justice.

This negligence action was brought by a tenant against his landlords for the loss of personal property caused when an unknown third party burglarized the tenant's apartment. The trial Court, sitting without a jury, awarded the tenant judgment for his damages in the amount of $3,100.00. Upon the request of the landlords, findings of fact and conclusions of law were filed. We reverse and here render the judgment which the trial Court should have rendered.

The plaintiff, Roy Wilson, became a tenant on May 25, 1972, under an oral lease at the Villa Sierra Apartments in El Paso, Texas. The apartments consisted of 250 rental units and the Plaintiff's Unit # 13 was on the ground floor. On June 2, he left town for two weeks to get married. He locked all three of his doors and the window and notified the management and asked that they take care of his mail and watch his apartment. During his trip, the manager placed the mail in the tenant's apartment after unlocking one of the doors. When the Plaintiff returned, he unlocked his front door and found certain of his personal items missing. The window in the apartment was open with the screen in place and no evidence of any forcible entry was found.

The findings of fact are not questioned on this appeal and certain of the material ones are quoted in part:

"One of the keys to Plaintiff's apartment was lost by a former tenant to the premises and this fact was known to Defendants * * *. Keys to the various apartments in the complex were kept on a board when returned to the office of the complex. The keys were not numbered or tagged and could not be identified with a particular apartment when removed from the board. Keys which lost their identity were thrown into a bag in the management office as useless.

"Maid service was provided by Defendants, but at a fee to tenants. Maintenance men employed by Defendants had access to the apartments. Defendants provided regular pest control service.

"Prior to the incident in question, there had been six or seven burglaries without forcible entry during the Spring of 1972, involving first-floor apartments which were screened from view and largely occupied by bachelors in the Villa Sierra Apartments. The area around the apartments for about a five-mile radius had experienced an above-average crime rate. The El Paso City Police patrolled around the apartments, but there were no private security patrols or watchmen employed by the Defendants.

"It was uncontroverted that Plaintiff locked the three doors and one window of his apartment before taking his departure, and there was no evidence of a forcible entry into his apartment. To assume that a professional picked the lock and gained entry without a key would be merely speculation without a scintilla of evidence to support it, and the Court specifically declines to make such a Finding of Fact in this case."

The trial Court concluded that "the Defendants had a duty to maintain proper control of the apartment keys and master keys in the apartment complex to protect against unauthorized access to its tenant's premises. The Defendants had a duty to change the locks to Plaintiff's apartment when it was indicated by the circumstances that a key to the apartment had been missing or lost, and they had a duty to warn the tenant of the high crime rate occurring within the vicinity of this apartment complex so that the tenant might have taken his own protective measures." The Court found a breach of each of the duties by the Defendants and found each to be separately and in combination with one another a proximate cause of the burglary loss.

■ The Appellant's first point advances the general proposition that a landlord is never under a duty to protect a tenant from loss due to theft by third parties and, because of its general nature, the point is overruled. The view adopted by the Restatement (Second) of Torts, while it might abandon traditional concepts surrounding the landlord-tenant relationship, and the defense as to the intervening criminal act of the third party, should apply to this negligence action. In its treatment of both negligence and proximate cause, while it provides for liability, it is limited to consequences which are reasonably foreseeable. Section 302 B provides that "an act or omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of * * * a third person which is intended to cause harm, even though such conduct is criminal." Though the landlord has let the premises where the harm takes place, he has retained a duplicate key or a master key to the premises and in this area an unreasonable risk of harm to the tenant could arise. See the Annotation, "Landlord's Duty to Protect Against Crime", 43 A.L.R.3d 331, and Note, 49 Texas L.Rev. 586. Cases which have recognized potential liability because of a burglary in a negligence action against the landlord are *Braitman v. Overlook Terrace Corp.*, 132 N.J.Super. 51, 332 A.2d 212 (1974), and *Warner v. Arnold*, 133 Ga.App. 174, 210 S.E.2d 350 (1974).

The point as made by the Appellants does not question the evidence presented in this case as being negligence and this opinion is not to be taken as any approval of that

finding. The first point as made is overruled.

■ The next point is that there is no evidence of causal connection between the negligence of the Appellants and the loss suffered by the Appellee. Considering only the evidence and the inferences tending to support the findings and disregarding that to the contrary, the record supports the Court's finding that one key to the premises was lost by a former tenant at an unknown time and place. The evidence is that this key had to be lost prior to February 1972, that none of the keys were ever numbered and that the manager kept the master key which she permitted the tenants to use when they were locked out. In the area of foreseeability as it applies to proximate cause, the burglary, because of the lost key, was a mere possibility and not one which was reasonably foreseeable; the chance finding somewhere of an unmarked key that happened to fit one apartment out of 250 at the Villa Sierra Apartments leaves the odds on reasonableness prohibitively low. Restatement (Second) of Torts, § 448 (1965). Again, a serious defect is present regarding causation in fact. The trial Court found that it was mere speculation to assume that a professional picked the lock and gained entry, but under the evidence presented it was mere speculation to assume that a thief had the lost key or the master key and thereby gained possession. It was mere speculation to assume that the Plaintiff would have changed his own lock or moved out of the apartment if he had been told there had been six or seven burglaries. There is no testimony as to what he would have done and the probability is equal to that which was done by the Plaintiff. He asked the manager to look after his apartment and his mail after he securely locked and left the premises. *McCappin v. Park Capitol Corporation*, 42 N.J.Super. 169, 126 A.2d 51 (1956). The no evidence point is sustained.

The judgment of the trial Court is reversed and judgment is here rendered that the Plaintiff take nothing.