McCANE–SONDOCK PROTECTION SYSTEMS, INC., Appellant,

v.

James Roy EMMITTEE d/b/a Bedford Package Store, Appellee.

No. 4897.

Court of Civil Appeals of Texas, Eastland.

Aug. 19, 1976.

William C. Book, Tekell, Book & Matthews, Houston, for appellant.

Rokki Ford Roberts, Dunn & Roberts, Bellaire, for appellee.

RALEIGH BROWN, Associate Justice.

James Roy Emmittee d/b/a Bedford Package Store sued McCane-Sondock Protection Systems, Inc. for negligently installing a burglar alarm system at his business. After a jury trial, judgment was entered awarding Emmittee $6,839 damages. McCane-Sondock appeals. We affirm.

Appellant argues in five points of error there was no evidence to support the finding that it proximately caused the loss by failing to connect the wires leading from the hold-up button to the burglar alarm control panel and that such finding was so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

Further, it contends there was no evidence or, in the alternative, insufficient evidence to support the finding that it proximately caused the damages in failing to test the system prior to leaving the premises of the store, and that such finding was so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

Finally, appellant urges the trial court erred in entering judgment for $10,500 remitted to $6,839 because as a matter of law, the maximum amount Emmittee could recover was $25 based on the liquidated damage clause in the contract.

Appellant argues its action could not be a proximate cause of the loss suffered by Emmittee because it was the action of some third party which caused the loss.

The court in *Teer v. J. Weingarten, Inc.*, 426 S.W.2d 610 (Tex.Civ.App., Houston (14th Dist.) 1968, writ ref. n. r. e.) said:

". . . the Texas Courts are firmly committed to the proposition that the issue of foreseeability is related to the issue of proximate cause. It is also undoubtedly true, as a matter of substantive Texas law, that an intervening cause reasonably foreseeable by the defendant, is not such a new and independent cause as to break the chain of causation between the defendant's negligence and the injury complained of to the extent of relieving the defendant of liability for such injury. *City of Austin v. Schmedes*, 154 Tex. 416, 279 S.W.2d 326; . . ."

It is established appellant failed to connect the wires leading from the hold-up buttons to the burglar alarm control panel and failed to test the system after installation of the alarm buttons.

In the instant case, Mrs. Emmittee and the store manager pressed alarm buttons to activate the system when a robber came into the store declaring "it was a hold-up." There was testimony that if the alarm had functioned the police would have been notified within 30 to 45 seconds. The police station was located only a couple of miles from the liquor store. The robber remained in the store five to ten minutes after the alarm buttons were pressed. We hold these facts constitute some evidence that Emmittee's loss was the proximate result of McCane-Sondock's failure to properly install the alarm equipment. *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex. 1974); *Butler v. Hanson*, 455 S.W.2d 942 (Tex.1970). Also, we have carefully considered the entire record and find the jury's answers to the challenged special issues are not against the great weight and preponderance of the evidence so as to be manifestly wrong and unjust, nor are they factually insufficient. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951).

The contract contains the following provision:

"It is agreed that the party of the first part is not an insurer of the premises of the party of the second part, that all charges and fees herein provided for, are based solely on the cost of installation

and rental of the equipment, and that in case of loss to the second party resulting by reason of failure of the performance of the alarm system to operate, the liability of the party of the first part shall be limited to the sum of twenty-five dollars ($25.00), which sum is hereby agreed upon as liquidated damages, and this liability shall be exclusive."

Appellant urges this provision limits Emmittee's recovery to $25. It contends the following language in *McCane Sondock Detective Agency v. Penland Distributors, Inc.*, 523 S.W.2d 62 (Tex.Civ.App., Houston (14th Dist.) 1975, no writ) is applicable:

"A finding that the system did operate on the occasion in question was essential to the appellee's case. Without such a finding the contract provision limiting the appellant's liability to $25 would have been applicable . . ."

McCane-Sondock in the contract "agreed to install on the premises of" Emmittee "a burglar alarm system." The jury found McCane-Sondock failed to connect up the hold-up buttons. There can be no "failure of the performance of the alarm system to operate" until the system has been properly installed and functioning.

In *McCane Sondock Detective Agency*, supra, there was no issue as to whether the equipment was properly installed. The issue there was the duty of McCane Sondock under the contract on receipt of an alarm. In the instant case, McCane-Sondock had the duty of properly installing a workable alarm system and failed to do so. The liquidated damage provision is not applicable.

We have considered and overrule all points of error. The judgment is affirmed.