**ALPHA MARKETING, INC., Appellant,**

v.

**HONEYWELL, INC., Appellee.**

**No. 05-84-00454-CV.**

Court of Appeals of Texas, Dallas.

Feb. 22, 1985.

Rehearing Denied April 8, 1985.

---

Frank Edward Kohn, William Eyres, Dallas, for appellant.

Kevin Keith, Dallas, for appellee.

Before STEPHENS, ALLEN and GUILLOT, JJ.

GUILLOT, Justice.

This is an appeal from a summary judgment in which the trial court held that the liquidated damages clause contained in a contract between the parties limited Alpha Marketing's recovery to $704.70. Because we hold that there is a fact issue with regard to the applicability of the liquidated damages clause, we reverse.

In determining the propriety of a judgment based upon a summary judgment motion, the evidence must be viewed in the light most favorable to Alpha Marketing Inc., the party against whom the judgment was rendered. *Valley Stockyards Company v. Kinsel*, 369 S.W.2d 19, 20 (Tex.1963). Thus, it appears that on April 3, 1981, Alpha Marketing and Honeywell signed a contract for Honeywell to provide a "security alarm system" for the initial installation fee of $150.00 and for monthly "monitoring and/or service ... commencing from date of installation" in the amount of $117.45 per quarter. The contract also provided:

> Since it is impractical and extremely difficult to fix actual damages which may arise due to the faulty operation of the system or failure of services provided if, notwithstanding the above provisions, there should arise any liability on the part of the Contractor, such liability shall be limited to an amount equal to one half the annual service charge provided herein or $250, whichever is greater. This sum shall be complete and exclusive and shall be paid and received as liquidated damages and not as a penalty.

Someone burglarized Alpha Marketing taking over $2,000. After the burglary, Honeywell investigated the security system and informed Alpha Marketing that the system's failure was due to a malfunction

of the telephone lines. Alpha Marketing was then advised that the system was operable. On May 19, 1981, however, a second burglary occurred and over $225,000 was taken. Honeywell, again, investigated the system and informed Alpha Marketing that the system had never been connected to the telephone lines, which connection is required to make the system operate.

Alpha Marketing filed suit alleging that Honeywell was negligent in its installation of the alarm system and its inspection after the first burglary. After filing an answer, Honeywell filed a motion for summary judgment contending that the liquidated damages clause limited its liability. In response, Alpha Marketing filed its President's affidavit which stated that Honeywell, in investigating the second burglary, found that the electrical wires in the security system had never been connected to the telephone lines.

Alpha Marketing contends that a fact issue was raised as to whether the system was ever operating, functioning, or even installed as a system. It further contends that, unless the alarm system was properly installed and functioning, there could be no "faulty operation of the system" as that term is used in the liquidated damages clause. In its dispositive point of error, Alpha Marketing relies on the case of *McCane-Sondock Protection Systems Inc. v. Emmittee*, 540 S.W.2d 764 (Tex.Civ.App. —Eastland 1976, no writ).

In *McCane*, Emmittee sued McCane-Sundock for negligently installing a burglar alarm system. The evidence showed that McCane failed to connect the wires leading from the hold-up button to the burglar alarm control panel and that McCane failed to test the system after installation. These facts are quite similar in nature to the allegations in the instant case. On appeal, McCane contended, as does Honeywell, that the liquidated damages clause limited Emmittee's recovery to $25 for failure of the performance of the system. The Eastland Court of Appeals held that there could be no "failure of the performance of the system ... until the system has been prop-

erly installed and functioning." *McCane,* 540 S.W.2d at 766.

 Because the language in the liquidated damages clause in this case is essentially the same as that found in the *McCane* case, we hold that the liquidated damages clause in this case is not applicable unless the burglar alarm system was properly installed and operating. We find there is a factual dispute as to whether the liquidated damages clause limits Alpha Marketing, Inc.'s recovery. Consequently, the trial court's judgment in favor of Honeywell, Inc. is reversed and the claim of Alpha Marketing, Inc. against Honeywell, Inc. is remanded to the trial court for a new trial in accordance with our opinion.

Reverse and remand.

Costs taxed against appellee Honeywell.