ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 8, 2003

The Honorable Robert R. Puente
Chair, House Committee on Natural Resources
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0098

Re: Whether, under the Open Meetings Act, a river authority may hold an informational meeting that is open only to its invitees, including members of the press and community leaders (RQ-0044-GA)

Dear Representative Puente:

You ask whether the Open Meetings Act, chapter 551 of the Government Code, permits a river authority to hold an informational meeting that is open only to the authority's invitees, including members of the press and community leaders. We understand that your question involves the Sulphur River Basin Authority.[1]

You have furnished a redacted copy of a notice regarding an informational meeting. That notice reads as follows:

> The . . . wishes to invite you to an informational meeting to hear a presentation of the Economic Study conducted by . . . regarding the economic impact of the proposed . . . Reservoir. The meeting will be held at the . . . City Hall Community Room on Thursday, March 13, 2003 at 1:00 p.m.
>
> Dr. . . . , the Assistant Professor for the Institute of Applied Economics at the . . . will be making the presentation. There will be a question and answer period at the end of the presentation.
>
> This will be the first of several informational meetings to be held in . . . Texas to inform citizens throughout . . . Texas and the . . . River Basin.

---

[1]Although you do not identify a particular river authority, the president of the Sulphur River Basin Authority has informed us that your request relates to that entity. *See* Letter from Mike Huddleston, President, Sulphur River Basin Authority, to Honorable Greg Abbott, Texas Attorney General (May 28, 2003) (on file with Opinion Committee) [hereinafter Authority Brief].

As a member of the press, your attendance at this meeting is extremely important. Please bring this letter to the meeting for admittance since this is not a public meeting.[2]

The Sulphur River Basin Authority (the "Authority") was created by the legislature in 1985. *See* Act of May 29, 1985, 69th Leg., 1st C.S., ch. 3, 1985 Tex. Gen. Laws 3798. Its enabling legislation declares that it is "a governmental agency and a body politic and corporate." *Id.* § 1. It is governed by a board of directors composed of six members. *See id.* § 6, at 3799. "The members of the board shall be appointed by the governor with the advice and consent of the senate." *Id.* Two members of the board must be appointed from each of three named regions. *See id.*

Section 551.002 of the Government Code provides that "[e]very regular, special, or called meeting of a governmental body shall be open to the public, except as provided by this chapter." TEX. GOV'T CODE ANN. § 551.002 (Vernon 1994). "Governmental body" is defined to include, *inter alia*, "a board, commission, department, committee, or agency within the executive or legislative branch of state government that is directed by one or more elected or appointed members." *Id.* § 551.001(3)(A) (Vernon Supp. 2003). It is clear from its enabling legislation that the Authority is an "agency within the executive branch of government that is directed by one or more elected or appointed members." *Id.* Texas courts have long acknowledged that river authorities are subject to the Open Meetings Act. *See Lower Colo. River Auth. v. City of San Marcos*, 523 S.W.2d 641, 646 (Tex. 1975). *See also Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519, 524 (Tex. App.–Austin 2002, pet. denied).

The Open Meetings Act's two definitions of the term "meeting" include as an element either (i) a deliberation involving a quorum of the governmental body, or (ii) the physical presence of a quorum:

> (A) *a deliberation between a quorum of a governmental body, or between a quorum of a governmental body and another person*, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action; or

> (B) except as otherwise provided by this subdivision, a gathering:

>> (i) that is conducted by the governmental body, or for which the governmental body is responsible;

>> (ii) *at which a quorum of members of the governmental body is present*;

---

[2]Letter from Honorable Robert R. Puente, Chair, House Committee on Natural Resources, to Honorable Greg Abbott, Texas Attorney General (Apr. 11, 2003) (attached notice) (on file with Opinion Committee).

> (iii) that has been called by the governmental body; and
>
> (iv) at which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control. The term does not include the gathering of a quorum of a governmental body at a social function unrelated to the public business that is conducted by the body, or the attendance by a quorum of a governmental body at a regional, state, or national convention or workshop, if formal action is not taken and any discussion of public business is incidental to the social function, convention, or workshop. The term includes a session of a governmental body.

TEX. GOV'T CODE ANN. § 551.001(4) (Vernon Supp. 2003) (emphasis added). "Quorum" means "a majority of a governmental body, unless defined differently by applicable law or rule or the charter of the governmental body." *Id.* § 551.001(6).

The meeting notice you have furnished indicates, by its terms, that the Authority intended to hold a meeting during which the Authority would, at a minimum, "give information to" third persons about "public business or public policy over which the governmental body has supervision or control." *See id.* § 551.001(4)(B). If a quorum of the Authority was physically present on one of the occasions at which such a meeting was held, that meeting would have been a meeting under section 551.001(4)(B). Moreover, if, at such meeting, any deliberation occurred between a quorum of the members of the Authority's governing board, or between a quorum of the governing board and another person, that meeting would have constituted a meeting under the terms of section 551.001(4)(A). In either event, the meeting should have, under section 551.002 of the Government Code, been "open to the public." *See id.* § 551.002 (Vernon 1994). The notice specifically indicates, however, that the meeting was *not* open to the public.

The Authority informs us that "a quorum of the governmental body was not present" at the informational meeting described in your letter or involved in the deliberations.[3] If a quorum was not present or involved in deliberations under the definition of meeting in section 551.001(4), the informational meeting was not a meeting subject to the Open Meetings Act.

We caution, however, that the Open Meetings Act also provides that "[a] member or group of members of a governmental body commits an offense if the member or group of members

---

[3]Authority Brief, *supra* note 1, at 1.

knowingly conspires to circumvent this chapter by meeting in numbers less than a quorum for the purpose of secret deliberations in violation of this chapter." *Id.* § 551.143(a). An offense under this provision is "a misdemeanor punishable by: (1) a fine of not less than $100 or more than $500; (2) confinement in the county jail for not less than one month or more than six months; or (3) both the fine and confinement." *Id.* § 551.143(b). Although this provision has not been construed by the courts, there could be circumstances in which the holding of serial, closed, quorumless meetings could give rise to a prosecution under section 551.143(a). We cannot here anticipate the numerous variety of instances in which this might occur.

## S U M M A R Y

An informational meeting of the Sulphur River Basin Authority (the "Authority") that is open only to the Authority's invitees, including members of the press and community leaders, contravenes the Open Meetings Act if a quorum of members of the Authority is present or otherwise participates in the deliberations. If a quorum is not present and does not otherwise participate in the deliberations, the informational meeting is not subject to the Act.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee