121 N.J. Super. 370 (1972)
297 A.2d 203
GOLD MILLS, INC., A DELAWARE CORPORATION, PLAINTIFF,
v.
ORBIT PROCESSING CORPORATION, A NEW JERSEY CORPORATION, AND D'ELIA DETECTIVE AGENCY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided November 15, 1972.
*372 Mr. Elijah Miller for plaintiff (Messrs. Shanley & Fisher, attorneys; Mr. Joseph L. Cook on the brief).
Mr. Eugene A. Johnson for defendant Orbit Processing Corporation (Messrs. Dittmar, DeBona, Goldberg, Johnson, Byrne & Donnelly, attorneys.)
Mr. Vincent G. Pezzuti, Jr., for defendant D'Elia Detective Agency (Mr. Joseph S.E. Verga, attorney).
LARNER, A.J.S.C.
Plaintiff Gold Mills, Inc. had delivered to defendant Orbit Processing Corporation certain textile goods for processing. On December 20, 1970 these goods were stolen from the premises of Orbit, together with the tractor-trailer in which they were contained. Plaintiff brought suit against Orbit, as bailee, and against D'Elia Detective Agency. The latter was brought into the litigation on the allegation that it was liable to plaintiff because of its failure to exercise due care to protect the tractor-trailer and its contents pursuant to a duty undertaken by virtue of a written contract with Orbit to furnish security guards.
Defendant D'Elia Detective Agency moved for summary judgment on the legal theory that its only duty was to its contracting party, Orbit, and that neither duty nor liability exists in favor of Gold Mills, a stranger to the contract. Gold Mills counters that liability may exist on a factual exploration at trial based on (1) its right as a third-party *373 beneficiary under the contract; or (2) the liability of D'Elia for negligence in failing to carry out its contractual undertaking with due care.
The depositions establish a minimal factual basis for negligent performance by D'Elia in order to withstand a motion for summary judgment. It therefore becomes necessary to decide whether plaintiff is entitled to redress in view of its status as a stranger to D'Elia's contract with Orbit.
For plaintiff to succeed on a contract theory it must qualify as a third-party beneficiary under the common law rules as codified by N.J.S.A. 2A:15-2. This statute provides:
A person for whose benefit a contract is made, either simple or sealed, may sue thereon in any court and may use such contract as a matter of defense in an action against him although the consideration of the contract did not move from him.
The essence of contract liability to a third party is that the contract be made for the benefit of said third party within the intent and contemplation of the contracting parties. Unless such a conclusion can be derived from the contract or surrounding facts, a third party has no right of action under that contract despite the fact that he may derive an incidental benefit from its performance. Crown Fabrics Corp. v. Northern Assur. Co., Ltd., 124 N.J.L. 27 (E. & A. 1939); Brooklawn v. Brooklawn Housing Corp., 124 N.J.L. 73 (E. & A. 1939) and Moorestown Management, Inc. v. Moorestown Center, Inc., 104 N.J. Super. 250 (Ch. Div. 1969). Under such circumstances, he is neither a creditor beneficiary nor a donee beneficiary but is merely an incidental beneficiary who acquires no enforceable rights under the contract.
The contract between Orbit and D'Elia provided that D'Elia would provide a certain number of uniformed guards on the Orbit premises to guard the plant and to protect Orbit's property. Plaintiff Gold Mills is not mentioned in the contract *374 nor referred to therein as an intended beneficiary of the contract or services to be rendered by D'Elia. At best, Gold Mills was but an incidental beneficiary of the contract stemming from the obvious benefit derived from the additional security for its goods by virtue of the guard service. Such benefit, however, is insufficient to qualify it as a creditor beneficiary entitled to bring suit arising out of the breach of contract. Plaintiff's action against D'Elia is not maintainable on that theory.
The remaining issue, therefore, is whether plaintiff's claim can be sustained on a theory of negligence arising out of alleged failure of defendant to exercise due care in the performance of its undertaking. Does the absence of privity bar an action by plaintiff for damages to its goods which allegedly resulted from defendant's negligence in the performance of its contractual undertaking? Such liability, if any, is not bottomed upon the contractual obligations of defendant, albeit the act of performance necessarily arises because defendant entered into a contract with Orbit.
Regardless of lack of privity, it is clear that if a contractor does something affirmative in a negligent manner which causes damage to a third party, he is liable for the resulting damage. Bacak v. Hogya, 4 N.J. 417 (1950); Marvin Safe Co. v. Ward, 46 N.J.L. 19 (Sup. Ct. 1884). This follows whether the tortfeasor has an existing relationship with the injured person or not, since a volunteer is as liable for his negligent acts as one whose duty is imposed because of the legal consequences of his status toward the injured person. O'Neill v. Suburban Terrace Apartments, Inc., 110 N.J. Super. 541 (App. Div. 1970); Barbarisi v. Caruso, 47 N.J. Super. 125 (App. Div. 1957); Freddi-Gail, Inc. v. Royal Holding Corp., 45 N.J. Super. 471 (App. Div. 1957), and LaBrasca v. Hinchman, 81 N.J.L. 367 (Sup. Ct. 1911).
Plaintiff herein bases its claim of negligence on the fact that defendant embarked upon performance of its security contract with Orbit, and that its employees failed to exercise *375 due care in failure to station themselves at an appropriate position to observe the trucks going in and out of the parking lot, which failure was a proximate cause of the loss of the cargo. Plainly, this does not constitute an affirmative act of negligence but rather a failure to do something which it is contended a reasonably prudent expert should have done. Does liability to a third party arise from such non-action?
Because of a slavish devotion to the element of privity as a basis for the existence of a duty, courts in the past have refused to impose liability on the contractor in favor of a noncontracting party, unless the act of negligence was one of misfeasance. Franklin v. May Department Stores Co., 25 F. Supp. 735 (E.D. Mo. 1938); E.N. Emery Co. v. American Refrigerator Transit Co., 194 Iowa 926, 189 N.W. 824 (Sup. Ct. 1922); Brown v. T.W. Phillips Gas & Oil Co., 195 F.2d 643 (3 Cir.1952). A dichotomy thus developed between negligent misfeasance and nonfeasance, with liability attaching to the former and immunity from liability to the latter.
In the comprehensive opinion of Judge Conford in Miller v. Muscarelle, 67 N.J. Super. 305 (App. Div. 1961), in the analogous situation of liability of an employee to a third party for his failure to perform a duty owed to his employer, it was determined that liability is not dependent upon a finding whether the negligence is nonfeasance or misfeasance. In that opinion the court further observed:
There seems no sound reason why the privity rule should not be disregarded, where irrelevant in the light of modern tort concepts, as fully in cases where the defendant has contracted with a third person for labor or services as where the contract is for the sale of chattels. [at 328]
See Prosser on Torts (4th ed. 1971) § 93 at 622.
I also can fathom no reason why the privity rule or the dichotomy between misfeasance and nonfeasance should control in the area of liability of an independent contractor *376 to a third party. See Seavey, "Reliance on Gratuitous Promises," 64 Harv. L. Rev. 913, 916. Such liability should exist when the contractor has undertaken performance, whether his negligent performance results from the doing of something which a reasonably prudent person would not have done or from the failure to do something which a reasonably prudent person would have done. So long as the privity rule is no longer viable in the area of tort liability there is no reason why a contractor should not have the same duties toward a stranger to the contract as any member of society to another, i.e., to exercise due care to avoid injury to another's person or property.
The caveat, however, is that such liability does not attach where the contractor has failed to commence performance. Such an exception has a basis in logic and reason. Unless he has embarked on performance, he is remote from the ambit of activity which spawns the negligence underlying the cause of action. Under such circumstances his sole dereliction arises from a total failure to perform the contract  a dereliction which stems purely from his contractual undertaking rather than from a duty to other members of society beyond that contract. To permit liability to third parties for total failure to perform a contract would in effect create a new class of beneficiaries entitled to sue for breach of contract rather than for breach of a duty arising out of tort concepts. To expand contract liability to that extent would be fraught with untold new liability potentials not as yet recognized in current developments of law.
In the Restatement, Torts 2d (1965), the American Law Institute has adopted the following rule:

§ 324A. Liability to Third Person for Negligent Performance of Undertaking
One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
*377 (a) his failure to exercise reasonable care increases the risk of such harm, or
(b) he has undertaken to perform a duty owed by the other to the third person, or
(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.
Note that the American Law Institute expresses no opinion as to whether the making of a contract without entering upon performance is sufficient to result in liability.
By way of illustration of the meaning of paragraph (b), supra, the Restatement presents the following example:
2. The A Telephone company employs B to inspect its telephone poles. B negligently inspects and approves a pole adjoining the public highway. Because of its defective condition the pole falls upon and injures a traveler upon the highway. B is subject to liability to the traveler. [Explanatory Note, § 324A, comment (d) at 144]
The context of the facts in our case also falls within the provision of § 324A(b). Defendant, by undertaking the contract to provide guards at the plant of Orbit, assumed in part at least a duty which Orbit owed to plaintiff, and it did so with the reasonable foreseeable consequence that if it failed to exercise due care, the owners of goods at the Orbit processing plant might be damaged. The Restatement rule would impose liability under such a set of facts.
Analogous cases have arisen in other jurisdictions with differing fact patterns. For example, an elevator service company has been held liable to a third party for negligent inspection pursuant to a contract with the owner. Evans v. Otis, 403 Pa. 13, 168 A.2d 573 (Sup. Ct. 1961); Wroblewski v. Otis Elevator Co., 9 App. Div.2d 294, 193 N.Y.S.2d 855 (App. Div. 1959); Durham v. Warner Elevator Mfg. Co., 166 Ohio St. 31, 139 N.E.2d 10 (Sup. Ct. 1956); Banaghan v. Dewey, 340 Mass. 73, 162 N.E.2d 807 (Mass. Sup. Jud. Ct. 1959); Otis Elevator Co. v. LePore, 229 Md. 52, 181 A 2d 659 (Ct. App. 1962). Similarly liability has been imposed upon an insurance company to a third party for negligent inspection of an assured's premises or equipment. *378 Hill v. U.S.F. & G. Co., 428 F.2d 112 (5 Cir.1970); Mays v. Liberty Mutual Ins. Co., 323 F.2d 174 (3 Cir.1963); Smith v. American Employers' Ins. Co., 102 N.H. 530, 163 A. 2d 564 (N.H. Sup. Ct. 1960). Cf. Van Winkle v. American Steam Boiler Co., 52 N.J.L. 240 (Sup. Ct. 1940) (decided, however, on a theory of expanded liability because of concept of a dangerous instrumentality).
In view of the foreging, it is evident that plaintiff has a prima facie cause of action against D'Elia Detective Agency for negligence in performance arising out of the contract with Orbit, whether that negligence is denominated as misfeasance or nonfeasance. It is entitled to have its case tested by proofs at a plenary trial. Hence, the motion for summary judgment is denied.