150 N.J. Super. 301 (1977)
375 A.2d 687
JUTTA'S INCORPORATED, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FIRECO EQUIPMENT COMPANY ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 18, 1977.
Decided May 4, 1977.
*303 Before Judges BISCHOFF, MORGAN and KING.
Mr. Rollin S. Neal argued the cause for appellant (Mr. Samuel A. Gennet, attorney).
*304 Mr. John P. Fusciello argued the cause for respondent (Mr. Lawrence A. Leven, on the brief).
PER CURIAM.
Defendant appeals from a trial court order declining enforcement of a contractual limitation of liability clause on the ground of its unconscionability. The order was entered following a special nonjury hearing held after rendition of a jury verdict which, by special verdict, found defendant negligent in its installation of a fire protection system sold plaintiff and further found that plaintiff's damage was caused by defendant's incorporation into the system of a defective component part. Damages in the amount of $5,985 were stipulated.
Plaintiff is a corporation which, in December 1972 and January 1973, was in the process of opening a bar-restaurant in Rochelle Park, N.J.A fire protection system for the new enterprise purchased from defendant Fireco Equipment Company was installed on the premises on January 26, 1973. On the day following installation, January 27, 1973, during preparations for the opening of the restaurant, the fire protection system suddenly discharged a white dust all over the kitchen. No fire precipitated this occurrence. Opening day was delayed. On February 1, 1973, a few days later, during renewed preparations for opening the restaurant, the system again discharged white powder without fire having triggered operation of the system. Damages to property and clean up costs amounted to $5,985. As noted, the jury concluded that defendant had been negligent in its installation of the system in that a defective component had been incorporated into the system.
Following trial a hearing was held to determine whether the limitation of liability clause in the purchase and maintenance contracts was to be enforced. The trial court declined enforcement, and this appeal ensued.
Part I of the agreement, entitled "Installation Proposal and Conditional Sales Agreement for Fire Control System," contains the following provision found on the reverse *305 side of the agreement under the heading "Distributor's Guarantee":
a) For a period of five (5) years, and provided always that the maintenance contract is continued in full force and effect, distributor guarantees the equipment installed by it and agrees, upon occurrence of any damage caused by defective operation, to indemnify purchaser for all loss in an amount not exceeding the purchase price. Damage shall be construed to mean only such amount as would be necessary to repair or replace the loss or reconstitute the premises subject to the purchase price. Notwithstanding, distributor shall in no way be responsible for any loss attributable to a mal-function of the system or systems described in the contract, beyond the actual interest of the purchaser in the said system.
Part II of the agreement, entitled "Service and Maintenance Contract," contains the following provision found on the front side of that agreement under an emphasized heading reading, "Release for Equipment Installed and/or Manufactured by others":
If system was installed and/or manufactured by others the following is agreed by purchaser hereinafter designated as the Releasor and Fireco Equipment Co., Inc. hereinafter designated as the releasee; for and in consideration of FIRECO's agreed maintenance and inspection service performed as agreed to and described above and in further consideration of mutual covenants herein contained, and in consideration of fact that if the servicing of this equipment by the releasee for the releasor, is equipment previously installed and/or manufactured by one other than releasee, releasor has remised, released and forever discharged, and by these presents does remise, release and forever discharge the said releasee from any failure of operation due to defective conditions in said systems and equipment.
The limitation clause in the sales agreement, the first of the two clauses quoted above, found in the paragraph entitled "Distributor's Guarantee," purports to limit damages recoverable from malfunction of the equipment to the purchase price or to "the actual interest of the purchaser in the said system." Defendant interprets this latter phrase to refer to the amount of the purchase price actually paid *306 by purchaser at the time damage occurs. Since plaintiff had only paid $200 on account of the total price of $603.75 when these incidents occurred, defendant contends it is liable only for that lesser amount. Defendant does not insist upon enforcement of the full release contained in the maintenance agreement although it is undisputed that defendant was not the manufacturer of the system it installed and the maintenance agreement provides for a full release in those circumstances.
Several features of the provision upon which defendant relies mandate affirmance. First, the limitation of liability is contained in a paragraph entitled "Distributor's Guarantee." In that guarantee defendant undertook to warrant performance of the equipment for a five-year period; failure of such performance would render defendant liable for damages caused thereby but not to an extent exceeding the purchase price or the "actual interest of the purchaser in the said system." Nothing in this express guarantee suggests its dependence upon the existence of a defect in the equipment existing at the time of sale or installation or its negligence in installation. Even if a defect were to arise after installation, and independent of defendant's negligence in installation, the limited liability described in this guarantee would attach. Second, nothing in the clause in question or, indeed, in the sales contract as a whole, suggests that any implied warranties of merchantability or fitness for use have been waived. That such warranties were not waived is made clear by the total failure to comply with the conditions for such a waiver contained in N.J.S.A. 12A:2-316, which at least requires such waivers to be in writing. Third, since the limitation of damages clause is contained in the paragraph providing for the express guarantee, it can only be read to apply to claims made on the basis of that express guarantee; it has no application to claims made for breach of the implied warranty of fitness for use which was not waived and is not inconsistent with the express guarantee. See Collins v. Uniroyal, 64 N.J. *307 260 (1974). Since the jury's verdict was founded upon a finding of a defect existing in the equipment on the date it was sold and installed and upon defendant's negligence in installing it, and not solely upon the express guarantee, the limitation of damages provision contained in the express guarantee has no application. Similarly, it has no application to damages caused by defendant's negligence. See Carbone, et al. v. Cortlandt Realty Corp., 58 N.J. 366 (1971). Plaintiff can therefore recover the full extent of the stipulated damages.
Moreover, we agree with the trial judge's conclusion that the limitation on the recoverable consequential damages was unconscionable for the reasons given in its oral opinion. The limitation clause was concealed in a provision clearly suggesting that it was conferring upon the purchaser a benefit in the form of a guarantee; nothing in the heading suggests the presence of a sharp limitation on defendant's overall liability hidden therein. The meaning of the clause is obscure; at one point it limits defendant's liability to the purchase price; at another it limits it to "the actual interest of the purchaser in the said system," whatever that means. Finally, although defendant magnanimously waives reliance upon the release contained in the maintenance contract, it is clear that it does so only because its enforcement would be so inequitable that defendant could, in no event, prevail. Hence, although the sales contract limits damages to the purchase price paid, even that limited liability is conditioned upon the existence of a maintenance contract; by entering the maintenance contract, however, the purchaser waives its right to recover any damages at all for malfunction of the equipment. In these circumstances, and entirely apart from the trial court's conclusion that the merchandise sold was "consumer goods" within the meaning of N.J.S.A. 12A:2-719(3), the trial judge's conclusion of unconscionability as a basis for declining enforcement was entirely merited.
*308 Abel Holding Co. v. American Dist. Tel. Co., 138 N.J. Super. 137 (Law Div. 1975), aff'd 147 N.J. Super. 263 (App. Div. 1977), relied upon by defendant, is inapposite. That case, as well as similar ones cited by defendant, concerns the validity of limitation clauses where the damages result from forces from which the equipment sold was designed to protect, not from damages caused by the equipment itself, as occurred in this case. In Abel the damage was caused by fire, not by malfunction of the fire detection mechanism. The claim in Abel was that because of the inadequate operation of the fire detection system, the damage was greater than it should have been. Similarly, in Foont-Freedenfeld v. Electro-Protective, 126 N.J. Super. 254 (App. Div. 1973), aff'd 64 N.J. 197 (1974), the loss was caused by a burglary which defendant's burglar alarm system was purchased to avoid, not by the burglary equipment itself. In this case, however, the loss was not caused by fire, but by the equipment installed to protect against fire loss. Hence, the extreme difficulty or impracticability of anticipating the extent of loss flowing from different kinds of fires as it affects property of different values, and losses from burglaries, is not present in this case and the essential justification for that kind of limitation clause is therefore absent. Moreover, although a purchaser can arrange for his own protection against fire by purchase of a fire policy, and hence not rely upon the liability of the fire protection company, he will not ordinarily foresee what occurred in this case and obtain protection against damages caused directly by the fire protection equipment itself.
Affirmed.