**IMPEX AGRICULTURAL COMMODITIES DIVISION IMPEX OVERSEAS CORPORATION, Plaintiff,**

v.

**PARNESS TRUCKING CORP., W.M. Ross & Company, Inc. and St. Paul Fire & Marine Insurance Co., Defendants.**

Civ. A. No. 83-1582.

United States District Court, D. New Jersey.

Dec. 29, 1983.

Leiby & Welsh by Kenneth L. Leiby, Jr., Fort Lee, N.J., for plaintiff.

Feuerstein, Sachs, Maitlin, Rosenstein & Fleming by Dennis J. Barrett, West Orange, N.J., for defendant W.M. Ross & Co., Inc.

Joshua Wall, Westmont, N.J., for defendant St. Paul Fire & Marine Ins. Co.

## OPINION

DEBEVOISE, District Judge.

## I. PRELIMINARY STATEMENT

Plaintiff, Impex Agricultural Commodities, Division of Impex Overseas Corporation ("Impex") instituted this suit against defendants, St. Paul Fire & Marine Insurance Co. ("St. Paul"—improperly designated in the complaint as AJAX), Leonard Parness Trucking Corp. ("Parness"—improperly designated in the complaint as Parness Trucking. Corp.), and W.M. Ross & Company, Inc. ("Ross"), to recover damages allegedly resulting from the loss of 640 cartons of meat preserves which Impex had delivered to Parness for carriage to New York City.

Two motions are currently pending before the court: (1) Ross' motion for dismissal of the complaint against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and (2) Parness' motion to amend its crossclaim against St. Paul. In view of the court's dismissal of St. Paul by order entered on December 12, 1983, Parness' motion to amend its crossclaim against this defendant is rendered moot.[1] Consequently, Parness' motion is denied.

---

1. Impleader of the insurer, rather than cross-motion, is the proper procedural device for an insured to state its claim against the insurer for the amounts which the insured is or may be liable to the plaintiff. Fed.R.Civ.P. 14(a).

This opinion is directed to Ross' motion for dismissal of the complaint for failure to state a claim upon which relief may be granted.

## II. FACTUAL AND PROCEDURAL HISTORY

The allegations contained in the complaint, which are assumed to be true for purposes of this motion for dismissal, state that on October 5, 1981, Impex delivered 640 cartons of meat preserves to Parness as common carrier in Brooklyn, New York for carriage to Manhattan. These cartons were never delivered, resulting in damage to Impex in the amount of $69,686.55. Impex then filed a claim for this loss with Parness, which forwarded it to St. Paul as insurer. St. Paul declined to cover this loss under the insurance policy.

The Third Count of the complaint further states that prior to October 5, 1981, Parness had engaged the services of Ross as insurance broker to procure for Parness an insurance policy, which would cover losses of the kind suffered by Impex. Ross arranged for delivery of St. Paul's insurance policy to Parness and represented to Parness that this policy would cover Parness' liability under facts and circumstances similar to those surrounding Impex's loss. Such representations were made to induce Parness to execute the insurance policy with St. Paul. To this same end, Ross failed to point out and explain to Parness that some events were excluded from coverage. As a result of Ross' alleged negligence, breach of contract, and fraud, Impex as potential third-party beneficiary of the insurance policy has been damaged. In response, Ross asserts that these allegations fail to state a claim upon which relief can be granted.

Jurisdiction is asserted pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship between the parties and the amount in controversy exceeds $10,000.

 New Jersey substantive law applies to determine whether causes of action for negligence, fraud, and breach of contract have been made out by Impex in light of the fact that the brokerage agreement was entered into by two New Jersey residents in New Jersey. *State Farm, etc., Ins. Co. v. Simmons' Estate,* 84 N.J. 28, 37, 417 A.2d 488 (1980) (in an action involving the interpretation of an automobile liability insurance contract, the law of the place of the contract governs); *Radigan v. Innesbrook Resort and Golf Club,* 142 N.J.Super. 419, 427, 361 A.2d 610, *mod. on other grounds,* 150 N.J.Super. 427, 375 A.2d 1229 (Law Div.1976) (ordinarily the law applicable to actions for negligence is the law of the state where the alleged tort was committed).

## III. DISCUSSION

The insurance contract at issue in the case at bar is an indemnification policy issued solely for the benefit of the insured. Consequently, I recently held on a motion brought by St. Paul, the issuer of the policy, that a direct action against the insurer by an injured third party who is neither in privity with nor an intended beneficiary of the policy is precluded. This rule does not apply to injured parties who may sue the insurance agent or broker where the latter failed to procure or maintain the insurance policy requested by the insured. 8 Appleman on Insurance, § 4838, at 477.

Ross' reliance upon the brief submitted on behalf of St. Paul on the latter's motion for dismissal is therefore misplaced. *See* Ross Brief, p. 4. The issue whether an incidental beneficiary of an indemnification insurance policy is entitled to maintain a direct action against an insurer for recovery under the policy is entirely different from the issue now before the court. Here, the court must determine whether insurance brokers who owe a duty of care to those persons engaging their services also owe a duty to third persons who are potential beneficiaries of the insurance policies procured by the brokers. I conclude that, with the exception of the fraud claim, the factual allegations contained in the complaint are sufficient to withstand a motion for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure since it is

not clear that Impex can prove no set of facts in support of the pleaded negligence and breach of contract claims which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Johnsrud v. Carter,* 620 F.2d 29, 33 (3d Cir.1980).

Apparently, Ross' sole argument for dismissal of the complaint against it is that Impex is not in privity with it nor an intended beneficiary of the contract entered into between St. Paul and Parness or between Ross and Parness. Consequently, according to Ross, Impex is not entitled to assert a direct action against Ross, as Parness' insurance broker.

While privity is not a prerequisite in fraud cases based upon misrepresentation, in order to maintain this cause of action, Impex must show that Ross misrepresented material facts intending that Impex rely upon such misrepresentations and that, in fact, Impex did detrimentally rely upon these misrepresentations. *Houdaille Constr. Materials v. American Tel. & Tel.* 166 N.J.Super. 172, 188, 399 A.2d 324 (Law Div.1979). The complaint contains no allegations of Ross' intent that Impex rely on its alleged misrepresentations or of Impex's actual reliance upon such misrepresentations. Accordingly, Impex's claim against Ross founded upon fraud is dismissed for failure to state a claim upon which relief may be granted.

Privity is also irrelevant to an action based on negligence. In order to render Ross liable under a negligence theory, Impex must show that Ross breached a duty, which, if observed, would have averted Impex's injuries. *Eschle v. Eastern Freight Ways,* 128 N.J.Super. 299, 303, 319 A.2d 786 (Law Div.1974). The essential question of law is whether Impex's interest as potential beneficiary of the Agreement between Parness and Ross is entitled to legal protection against Ross' conduct. *Wytupeck v. Camden,* 25 N.J. 450, 461, 136 A.2d 887 (1958).

In circumstances analogous to those at bar, New Jersey courts have imposed liability for negligence in the performance of a contract where the plaintiff was neither in privity nor a third party beneficiary of the contract in issue. For example, *Gold Mills, Inc. v. Orbit Processing Corp.,* 121 N.J.Super. 370, 371, 377, 297 A.2d 203 (1972), held that a customer, whose goods had been delivered for processing to defendant bailee and thereafter had been stolen, could sue the security agency hired by the bailee to protect the goods on a theory of negligence. The court reasoned that by undertaking the contract to provide guards, the security agency could reasonably foresee that if it failed to exercise good care, the owners of the goods it was supposed to protect might be damaged. *Id.* at 377, 297 A.2d 203.

Similarly, *Juliano v. Gaston,* 187 N.J.Super. 491, 455 A.2d 523 (App.Div.1982) involved a suit by homeowners against subcontractors who allegedly performed negligent workmanship for the principal contractor. The court observed that plaintiffs were not third party beneficiaries of the contract with the subcontractors but that, even absent privity, they could assert their negligence claims. *Id.* at 496, 455 A.2d 523. *See also Essex v. New Jersey Bell Telephone,* 166 N.J.Super. 124, 128, 399 A.2d 300 (App.Div.1979) (negligent performance of a contract may give rise to a cause of action by a third person who suffers personal injury as a result); *Abel Holding Co., Inc. v. American Dist. Tel.,* 147 N.J.Super. 263, 271–72, 371 A.2d 111 (App.Div.1977) (misconduct which is basis for breach of contract suit between parties to contract may also be basis for negligence suit brought by stranger to contract if stranger was injured by the misconduct).

In the recent case of *Rosenblum v. Adler,* 93 N.J. 324, 461 A.2d 138 (1983), the New Jersey Supreme Court addressed the issue of the scope of an accountant's duty of care in preparing financial statements. There, plaintiffs, who had purchased stock in a publicly-held corporation in reliance upon incorrect financial statements prepared by the defendant accounting firm, sued the accountants for negligence. The question confronting the court was to whom

does an accountant owe a duty? The court held that accountants owe a duty not only to persons with whom they are in privity and to third party beneficiaries but also to persons whom the accountants should reasonably foresee will rely upon their financial statements. *Id.* at 341, 461 A.2d 138. Thus, while the plaintiffs could not sue under a breach of contract theory, they were permitted to sue under negligence theories for injuries occasioned by the accountant's negligent performance of the contract.

■ The analysis of the court in *Rosenblum, supra,* regarding the scope of an accountant's liability for negligence to persons who are not in privity is fully applicable to the scope of an insurance broker's liability. Obviously, insurance brokers owe to persons engaging their services a duty of reasonable skill, care and diligence in executing their commission. *Citta v. Camden Fire Ins. Assoc., Inc.,* 152 N.J.Super. 76, 79, 377 A.2d 779 (App.Div.1977). The issue in the present case is whether insurance brokers also owe a duty of care to third persons who are strangers to the contract. In the context of automobile liability insurance where there is a strong statutory policy to provide funds for wrongfully injured parties, the court in *Eschle v. Eastern Freight Ways, supra,* 128 N.J.Super. at 301, 319 A.2d 786, held that an insurance broker may be liable to an injured member of the public for the negligent failure of the broker to procure requested automobile insurance.[2] In assessing the scope of foreseeable harm arising from the insurance broker's negligence, the court relied on the peculiar significance of automobile liability policies where protection of the insured is not the primary object. Rather, the more important policy is to assure "that all persons wrongfully injured have financially responsible persons to look to for damages." *Odolecki v.*

*Hartford Acc. & Indem. Co.,* 55 N.J. 542, 549, 264 A.2d 38 (1970). The court therefore extended the broker's duty of care to include a third party injured by the insured in an automobile accident and permitted such a third party to sue the broker for negligence in the procurement of the requested insurance.

■ In the instant case, Ross had a duty to exercise due care·in its undertakings to avoid damage to persons within the foreseeable zone of hazard created by its activity. Assuming the truth of the allegations set forth in the complaint, Ross was directed to obtain insurance covering losses suffered by Parness' customers, including Impex under circumstances similar to those at bar. Negligent performance of this contractual undertaking would have an adverse effect on Parness' customers. Thus, Impex was well within the zone of a foreseeable injured party and may therefore maintain its suit against Ross for negligence. .

Furthermore, Impex may maintain its suit against Ross for breach of contract. This holding is consistent with the ruling in *Eschle, supra,* where the court permitted an injured member of the public to sue an automobile insurance broker under a breach of contract theory. This ruling was based on the court's finding that the public was a third party beneficiary of the agreement between the agent and the insured in light of the strong state policy favoring automobile insurance. Likewise there is a strong state policy favoring insurance of goods transported by common carrier. Thus, N.J.S.A. 45:14D–9(b) provides for issuance of a license for transportation of goods by common carrier upon, *inter alia,* identification of the carrier's amount of insurance and the insurer. I have already determined that Impex is not a third party beneficiary of the principal insurance contract between St. Paul and Parness. The

**2.** The procedural posture of *Eschle,* where the insurance broker and insurer were third party defendants against whom the plaintiff had asserted direct claims, differs from that of the case at bar. This difference is relevant only with respect to the insurer, whose indemnification liability is wholly contingent upon the liability of the insured, and who, therefore, may be subject to direct suit by an injured party only after being impleaded by the insured. This procedural difference, however, has no bearing on whether Impex may sue Ross directly since the latter's liability for negligence or breach of contract is not contingent on Parness' liability.

reasoning of *Eschle* suggests, however, that Impex, as a customer of a common carrier, may be considered a third party beneficiary of the insurance agency contract between Parness and Ross, if the objective of this contract was in fact for the broker to procure insurance for customers, such as Impex, who suffer losses similar to those of Impex. The allegations contained in the complaint are sufficient to make out this cause of action. Impex asserts in the Third Count of the complaint that Parness contracted with Ross to procure a contract of insurance to cover Parness' liability under the circumstances of Impex's loss but that Ross breached this contract by obtaining a policy which did not cover Impex's loss. Complaint, ¶¶ 18, 20. Accordingly, Ross' motion for dismissal of the breach of contract claims against it is denied.

## IV. CONCLUSION

Ross' motion for dismissal of the complaint against it is denied in part and granted in part. Impex's claim for relief based on fraud contained in the Third Count of the complaint is dismissed pursuant to Fed. R.Civ.P. 12(b)(6). However, Ross' motion to dismiss the negligence and breach of contract claims pursuant to the same rule is denied.

Plaintiff's attorneys are requested to prepare an order implementing this opinion.