**Ahmad DIBADJ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 17285.**

United States Court of Appeals Third Circuit.

Argued May 6, 1969.

Decided May 26, 1969.

Isidor Ostroff, Ostroff & Lawler, Philadelphia, Pa., for petitioner.

Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa. (Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., on the brief), for respondent.

## OPINION OF THE COURT

Before McLAUGHLIN, KALODNER and VAN DUSEN, Circuit Judges.

PER CURIAM.

This is a petition for review from the order of the Board of Immigration Appeals. He also complains of the decision of the Waiver Board of the Department of Health, Education and Welfare which denied his application for a waiver of the two year foreign residence requirement of Exchange Visitors for status as aliens for permanent residence.

Petitioner, a citizen of Iran, entered the United States June 29, 1958 as a visitor for pleasure. His allowed stay was three months. We are told on his behalf that he had then just finished medical school in Iran. Within his said three months allowance, petitioner applied to extend the time of his temporary stay for the stated purpose of completing post graduate medical training. That same date, September 6, 1958, Hubbard Hospital, Nashville, Tennessee, submitted Form DSP–67, a Certificate of Eligibility for Exchange Visitor Status on behalf of petitioner. The form noted that petitioner had a contract to serve

as intern at said hospital from July 1, 1958 to June 30, 1959. It set out clearly that "Exchange visitors are not eligible for adjustment to status of aliens for permanent residence or to any other non-immigrant classification, but must leave the United States upon completion of purposes of entry." The conditions further state that "Exchange visitors are not eligible for immigrant visas until after they have accumulated two years residence in a cooperating country, following completion of their stay in the United States, unless this provision is waived by the Attorney General of the United States acting upon recommendation of the Secretary of State."

Following the filing of the above form by the hospital, petitioner himself filed Form I–506 "Application for Change of Non-Immigrant Status" asking that his status be changed to "Exchange Visitor". The request was allowed and his stay extended to December 4, 1958 conditioned upon the retention of his Exchange Visitor status. After that he applied for a number of further stays giving as reason his desire to complete his medical training as a pathologist. These were approved by the Immigration and Naturalization Service. In May 1963, he was advised by the Service that the limit of five years in this country as an Exchange Visitor would expire October 1963. Further requests were made by him to allow him to complete the training necessary for him to be eligible to take Medical Board's examination in Pathology. His letters with these requests indicated his intention of returning to Iran and that he would be a better qualified pathologist for service there if allowed to become "Board Certified in Pathology". The State Department approved the sought for time extension. He was notified that he must leave the United States immediately after the examination. On September 2, 1965, Atlantic City Hospital petitioned that his stay be enlarged as he would be the only staff pathologist for a time. That request was granted. The hospital

was advised that the fact that petitioner had been approved as "First Preference Quota Immigrant" would not change his status unless he obtained a waiver of the two year foreign residence requirement. Another extension was asked by Atlantic City Hospital on December 8, 1965. That was denied. Petitioner on December 30, 1965, advised the District Immigration Director that he would leave the United States. He did not leave and on February 3, 1966, these deportation proceedings were commenced against him. There was a full, fair hearing. The facts above outlined clearly appeared. The Special Inquiry Officer held that petitioner be deported. That decision was affirmed by the Board of Immigration Appeals on May 2, 1968. The Atlantic City Hospital sought a waiver of the two year foreign residence requirement from the Department of Health, Education and Welfare. That was refused on September 20, 1968 while the Petition for Review was before this Court.

Petitioner has been most ably represented by counsel in this Review. All possible arguments on his behalf have been thoroughly developed and presented. The difficulty is that under the admitted facts, petitioner has no case. He has been given every consideration under the circumstances by the Immigration and Naturalization Service and the Department of Health, Education and Welfare. The order for deportation is required under the applicable law. It is fully justified. The application for recommendation of waiver of the two year foreign service residence condition to the Waiver Board of the Department of Health, Education and Welfare was not made until after the Service proceedings had been completed. It was no part of the deportation hearing. The denial of the waiver occurred after the petition for review of the Service deportation decision had been filed in this Court. In said circumstances the denial is not within our juris-

diction to pass upon.[1]  Kwok v. Immigration and Naturalization Service, 381 F.2d 542 (3 Cir. 1967), affd. 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968); Secretary of Defense v. Bong, D.C. Cir., March 3, 1969, 410 F.2d 252.

It seems to us that petitioner who has heretofore expressed his intention of returning home is obviously a fine pathologist at this time, partly at least by reason of his extended study and experience in the United States.  That as he has indicated makes him better qualified for service in his own land.

The order of deportation is affirmed and the petition for review is dismissed.

---

1. If the denial were within our jurisdiction to pass upon, we would hold that such decision was well within the discretion of the Board.