H. G. METALS INC., Appellant, *v.* WELLS FARGO ALARM SERVICES, a Division of Baker Protective Services, Inc., et al., Respondents.

First Department, October 15, 1974.

*Benjamin Feldstein* of counsel (*David Deitsch* with him on the brief; *Feldstein & McNulty*, attorneys), for appellant.

*James C. Dwyer* of counsel (*Dwyer & Duffy*, attorneys), for Wells Fargo Alarm Services, respondent.

*Edward G. Watson* of counsel (*George E. Ashley*, attorney), for New York Telephone Company, respondent.

STEUER, J. The plaintiff operated a plant for the manufacture of screws and similar objects from brass. The plant was located at 1355 Atlantic Avenue, Brooklyn. The plaintiff had a burglar alarm system installed by Electric Fire Alarm Company, not a party to this action. The alarm system consisted of a gong which was attached to an outside wall of the building and would be activated if any place of ingress to the building, such as doors or windows, were tampered with. Aside from the ringing of the gong no other notice was provided by this system. As a supplement to its protective system, plaintiff contracted with defendant Wells Fargo Alarm Services. The service supplied by this defendant was as follows: If the gong was activated a signal was received at defendant's central office. The signal was conveyed to defendant by means of the telephone wire which served the area. As a part of defendant's system a somewhat different signal, called an open circuit signal, was received if the telephone wire itself was cut or otherwise tampered with.

The contract between the parties reads: "The sole duty of the Contractor [defendant Wells Fargo] is to notify the Police Department and the Subscriber by calling on the telephone if a signal is received in the Central Station which might indicate illegal entry."

On May 29, 1970, at 2:05 A.M. defendant received an open circuit signal indicating a break in the telephone line. Within one minute defendant inquired of New York Telephone Company

(also a defendant here) where the break was located. The telephone company was not able to give an immediate answer. There is some confusion in the record as to when Wells Fargo was advised of the location of the break, but it is conceded Wells Fargo notified neither the police nor the plaintiff.

The following morning when one of plaintiff's employees opened the premises it was discovered that a burglary had been effected and 100,000 pounds of metal had been stolen. Defendant Wells Fargo established that the signal it received did not indicate the location of the break other than that it was in the area served by the telephone wire. This area covered a substantial part of Brooklyn, and in it defendant had several subscribers, the exact number being in some doubt but being in excess of 10. The defendant further claimed that the police would not act on the indefinite information it had received.

On these facts Trial Term dismissed the complaint. Dismissal was based on the ground that had Wells Fargo notified the police and the subscribers in the area there was no proof that the burglary would have been prevented. There is authority for this ruling (*Silberblatt v. Brooklyn Tel. & Messenger Co.,* 150 App. Div. 268). However, we believe that this case should be restricted to its peculiar facts. While it is quite true that the burglary, rather than the failure to give notice, was the proximate cause of the loss, the service that the defendant contracted to perform was designed to prevent a burglary or minimize the consequences. If no consequence were to result from a complete breach, the benefits that a subscriber would have would be completely illusory.

We perceive two questions of fact. The first is, was there a breach of this contract by Wells Fargo. The answer depends on whether the signal received was one which might indicate illegal entry. If so, there was a positive duty to inform the police and the plaintiff. Secondly, there is the question of whether, had the defendant informed both the police and the plaintiff, would this fact have prevented any loss. Several factors enter into the determination of this question — especially the length of time it would reasonably be expected that a burglary of this extent would take and the steps that could have been taken to nullify its effect.

We find no grounds for imposing liability on the defendant New York Telephone Company. This defendant made no agreement with the plaintiff in regard to the line involved, and its agreement with the codefendant imposed no duty that was breached. As to it, we affirm the dismissal, with costs.

Lastly, the contract between the parties contained a clause limiting defendant's liability in case of breach. This is a matter of defense, and the effect of this clause is therefore not before us at this time. The question was, however, briefed and argued before us and we can see no reason why the clause should not be given effect (*Ciofalo* v. *Vic Tanney Gyms,* 10 N Y 2d 294).

The judgment entered June 28, 1973, in New York County (GREENFIELD, J.) should be modified on the law to reverse the dismissal of the complaint as against Wells Fargo Alarm Services and a new trial ordered as against that defendant, with costs to abide the event, and as so modified affirmed.

LANE, J. (dissenting). The facts have been fairly stated in the majority opinion. Furthermore, I am in agreement with the majority of this court that there was a triable issue of fact as to whether or not Wells Fargo breached its contract. However, the factual question — namely, whether timely notice to the police and the subscriber would have prevented the loss — is not one which would have warranted a new trial. My opinion in this regard is based on the record of the instant trial which demonstrates conclusively the impossibility of resolving this question.

Absent the proof that timely notice would have prevented the loss, it follows that the damages in the case at bar cannot be ascertained with any degree of certainty. At best, one could only speculate as to whether timely notice would have prevented some portion or all of the loss.

The burden of proving the extent of the damages is incapable of achievement. There is insufficient evidence by which an expert could conclude that timely notice by Wells Fargo would have limited the loss to anything less than the amount taken, or even that the very same amount of loss would have resulted. It is significant that the record of the trial contains no proof of the number of participants in the crime nor of the nature of the equipment used, with the sole exception that the burglars utilized a flatbed trailer. Absent knowledge of such factors, the experts cannot come to a reasoned conclusion as to the loss and therefore, since the ascertaining of damages is purely speculative, it is not capable of proof (cf. 13 N. Y. Jur., Damages, § 16, p. 439). In this case, proof of damages is inextricably intertwined with the requisite proof of Wells Fargo's minimizing the consequences of the loss, which burden of proof plaintiff failed to meet.

Not only was there a failure of such proof at the first trial, but it cannot be forthcoming even at a second trial which is now being directed by a majority of my brethren.

In this posture of the case, the failure of plaintiff to establish a prima facie case mandates dismissal of the complaint (cf. *Blum* v. *Fresh Grown Preserve Corp.,* 292 N. Y. 241, 245). Plaintiff is not entitled in this situation to the proverbial " second bite at the apple " since, as has been reiterated many times by our Court of Appeals, insufficient evidence is, in the eye of the law, no evidence (*Pollock* v. *Pollock,* 71 N. Y. 137, 153; *Matter of Case,* 214 N. Y. 199, 203; *Blum* v. *Fresh Grown Preserve Corp.,* 292 N. Y. 241, 245).

I must make one final observation. Would I have taken the position of the majority in remanding the matter for a new trial, I would not give effect to the $50 limitation of liability. The contract refers to the $50 as " liquidated damages." If, as the majority implies, the damages are susceptible of proof, then the liquidated damages clause would be invalid since the limit would be grossly disproportionate to the damages resulting from failure to perform (cf. 14 N. Y. Jur., Damages, § 155, p. 5).

Accordingly, the judgment entered June 28, 1973 dismissing the complaint against Wells Fargo Alarm Services should be affirmed.

MARKEWICH, J. P., and MURPHY, J., concur with STEUER, J.; LANE, J., dissents in an opinion in which LUPIANO, J., concurs.

Judgment, Supreme Court, New York County, entered on June 28, 1973, modified, on the law to reverse the dismissal of the complaint as against Wells Fargo Alarm Services and a new trial directed as against that defendant, with $60 costs and disbursements to abide the event, and as so modified, affirmed. Respondent New York Telephone Company shall recover $60 costs and disbursements of the appeal from plaintiff-appellant.