**MOHAMMED ABDALLAH d/b/a Holyland Store, Appellant**

v.

**CARIBBEAN SECURITY AGENCY**

No. 77-1028

United States Court of Appeals

Third Circuit

Argued April 28, 1977

Filed June 10, 1977

EDWARD J. OCEAN, ESQ., Christiansted, St. Croix, V.I., *for appellant*

JOHN B. NICHOLS, ESQ., Christiansted, St. Croix, V.I., *for appellee*

Before WEIS, VAN DUSEN and GARTH, *Circuit Judges*

VAN DUSEN, *Circuit Judge*

On July 16, 1974, the plaintiff, Mohammed Abdallah, filed a complaint seeking damages against Caribbean Security Agency as the result of the losses sustained in a burglary of plaintiff's store after he had notified defendant that its alarm system was not functioning. Defendant's answer filed September 16, 1974 included a counterclaim alleging that the parties had "entered into a contract regarding a fire alarm and burglary system" and in paragraph two stated that "[a]lthough repeated demands have been made by Defendant upon Plaintiff, Plaintiff refused to pay the same and is indebted to the Defendant in the sum of $1,000." The plaintiff filed a reply in which he denied paragraph two of the counterclaim. On September 3, 1976, upon defendant's motion, the district court granted summary judgment in favor of defendant. After a review of the entire record, we reverse.

The sworn deposition of Mohammed Abdallah was filed with the district court on April 7, 1975. This deposition revealed the following facts: In 1956 Abdallah acquired a retail store dealing in clothing, jewelry and gifts. The store, known as the Holyland Store, is located at 9B and 10A Kronprindsens Gade, Charlotte Amalie, St. Thomas, V.I. Sometime after Abdallah purchased the store he had Caribbean Security Agency install a burglar alarm system for which he paid Caribbean a fee either monthly, every three months or every six months for maintenance of the system.

In December, 1973, portions of the galvanized roofing over Abdallah's store began to leak and were ordered replaced by the building's owner, Mrs. Hasty. One morning, while repairs were in progress, Abdallah entered his store and noticed that the galvanized roofing had been

35

removed by the workers without activating the burglar alarm. Upon concluding that the system was not working, Abdallah contacted Edward Pegram, the individual who had signed the original contract and who had installed the system. Although contacted the same day by Abdallah, Pegram did not come to see Abdallah until a week later. At that time he informed Abdallah that he was too busy to repair the system and that he would return to work on the alarm next week. At this point Abdallah suspended payments on the maintenance portion of the purchase contract. In an effort to secure repair of the system, Abdallah called Caribbean's offices in St. Croix several times. He contacted a secretary who told him that she would send someone to his store. Subsequently, Mr. Smart or Small came to Abdallah's store to collect payment for maintenance of the system. Abdallah showed him the problem that he was having with the alarm and indicated that it did not work.

On either June 5 or 6, 1974, Abdallah's store was burglarized. As a result of the burglary, approximately $39,000 worth of merchandise was stolen, none of which was recovered. Abdallah indicated in his deposition that he was not sure if he had paid all bills forwarded to him by Caribbean but that he was not aware of any certified letters from the defendant. No other sworn statements appear in the record.

Although the district court's order is somewhat cryptic, it appears that in granting summary judgment, the court concluded that, even assuming that a breach of contract occurred, the plaintiff would be limited in his recovery to the value of his contract with Caribbean and that any recovery the plaintiff would obtain on this basis would be offset by the counterclaim filed by defendant. In so ruling, the district court misconstrued the proper role of summary judgment.

■ Where the plaintiff's deposition is the only available sworn record document, a summary judgment motion by defendant may be granted if no genuine issue of fact remains after considering the deposition and plaintiff's allegations and if defendant is entitled to judgment as a matter of law.[1]

■■ There appears to be no basis in the instant case for the entry of summary judgment in favor of the defendant. The plaintiff seeks damages on two theories: negligence and breach of contract. While plaintiff adopts a difficult course in attempting to recover the value of his stolen merchandise on the theory of negligence, the record does not contain sufficient facts to indicate it is hopeless. In those cases dealing with the liability of a burglar alarm company whose system fails to function, it has been held that the company is not liable for the loss on the theory that the burglary was an unforeseeable intervening criminal act breaking the chain of causation.[2] However, while an intervening criminal act usually breaks the chain of causation and thereby negates liability based on negligence, where an intervening act is foreseeable, the original actor's negligence may be considered the proximate cause of the loss and he may be liable notwithstanding the intervening criminal act.[3]

---

[1] Scott v. Plante, 532 F.2d 939, 945 (3d Cir. 1976); Tomalewski v. State Farm Life Insurance Co., 494 F.2d 882, 884 (3d Cir. 1974); Local Union No. 249 v. Bill's Trucking Co., 494 F.2d 956, 964 (3d Cir. 1974).

[2] Vastola v. Connecticut Protective System, 133 Conn. 18, 47 A.2d 844 (1946); Nirdlinger v. American District Telephone Co., 245 Pa. 453, 91 A. 883 (1914); Nicholas v. Miami Burglar Alarm Co., 266 S.2d 64 (Fla. Dist. Ct. App. 1972); Silverblatt v. Brooklyn Telephone & Messenger Co., 150 A.D. 268, 134 N.Y.S. 765 (1912).

[3] Restatement of Torts Second § 448 (1965). See also Nicholas v. Miami Burglar Alarm Co., 339 S.2d 175, 177 (Fla. 1976); McCane-Sondock Protection Systems, Inc. v. Emmittee, 540 S.W.2d 764 (Tex. Civ. App. 1976).
 For example, the question whether a loss was proximately caused by the negligent manner in which a burglar alarm company responds to a trouble signal is for the jury. Missouri District Telephone Co. v. Morris & Co., 243 F. 481, 495 (8th Cir.), cert. denied, 245 U.S. 651 (1917); Nicholas v. Miami Burglar Alarm Co., 339 S.2d 175 (Fla. 1976); Melodee Lane Lingerie Co. v. American District Telephone Co., 18 N.Y.2d 57, 218 N.E.2d 661, 271 N.Y.S.2d 937 (1966); Better Food Markets, Inc. v. American District Telephone Co.,

Based on the present record, it is impossible to determine whether the defendant's failure to fix the alarm system was or was not the proximate cause of the plaintiff's loss. The nature of the system is unknown. It cannot be determined if the alarm system consisted merely of several electronic window and door contacts and a single bell or whether the system was an elaborate one connected in some manner to the locations of defendant's office and to the police. More importantly, the plaintiff was not given the opportunity to present evidence at a hearing which might show that his loss was a foreseeable result of defendant's failure to repair the system, such as whether the store was located in an area where there had been recent break-ins or burglaries, whether the inoperability of the system was generally known and what relevant facts were known to the defendant.

 Notwithstanding the possible legal difficulties of establishing a claim seeking recovery of losses sustained in a burglary where there was a negligent failure to repair an alarm system, a plaintiff may state a valid claim for breach of contract for failure to maintain an alarm system where such system does not function during a burglary. Evidence may present a question for the jury on the issue of whether

---

40 Cal.2d 179, 253 P.2d 10, 13 (1953); H. G. Metals Inc. v. Wells Fargo Alarm Service Inc., 45 A.D.2d 490, 359 N.Y.S.2d 797 (1974). But see Rinaldi & Sons, Inc. v. Wells Fargo Alarm Service Inc., 39 N.Y.2d 189, 347 N.E.2d 618, 383 N.Y.S.2d 256 (1976); Libby, McNeill & Libby v. Illinois District Telegraph Co., 294 Ill. App. 93, 13 N.E.2d 683 (1938).

There are parallel situations in which liability has been assessed. See Braitman v. Overlook Terrace Corp., 132 N.J. Super. 51, 332 A.2d 212, 214 (App. Div. 1974) (landlord's failure to fix lock on door after request by tenant). In that case, the court said at 332 A.2d 214:

"'the key to duty, negligence and proximate cause * * * is the foreseeability vel non to a reasonable man of an unreasonably enhanced hazard' created by defendant's negligence. Zinck v. Whelan, 120 N.J. Super. 432, 445, 294 A.2d 727, 734 (App. Div. 1972).

"The evidence was also sufficient to support the findings that defendant had ample notice that the door was not adequately secured and sufficient opportunity to correct this condition."

a plaintiff's loss was proximately caused by the defendant's breach of contract. In Nirdlinger v. American District Telephone Co., supra, the plaintiff brought an action for losses sustained as the result of the negligent maintenance of a burglar alarm. The court held that the plaintiff was not limited to an action in tort but could seek recovery for breach of contract and suggested that the plaintiff could possibly recover the entire value of his loss sustained in the burglary.

"For the reasons given we sustain the second assignment of error, without, however, limiting the plaintiff's right of compensation to the amount paid by him for the wiring of his house as there stated. It will be for the jury, under proper instructions from the court, to say what damages properly resulted from defendants breach of its contract." 91 A. at 886.

In Better Food Markets v. American District Telephone, supra, involving the failure of a burglar alarm company to respond to an alarm signal as contracted by the parties, the court stated:

"Under the circumstances of this case it would have been reasonable to conclude that the defendant had a duty to call the police as well as its own guards to the plaintiff's premises. Promptness being the essence of the defendant's obligation, its delay in acting could reasonably be found to be an omission to render the agreed service and a failure of performance of the contract.

"There is evidence upon which it could have been found that the loss was the proximate result of the defendant's delay in responding to the alarms. There was but one individual committing the burglary. He acted deliberately and there is reason to believe that the agreement between the parties was entered into with the intention of providing for the apprehension of such a person before he left the premises. The time and distance factors indicate that this particular burglar may have been caught had the police and guards been called to the premises a few minutes earlier, and that the delay of nine minutes after the safe had been opened permitted the escape. Such probabilities are to be weighed in the light of common experience in

such matters and present a triable issue of fact. There was substantial evidence from which a jury could have found that the plaintiff's loss was the proximate result of the defendant's breach of its contract. Therefore it was error for the trial court to order judgment for the defendant on its motion for a directed verdict." 253 P.2d at 13.

In the case at bar, plaintiff sought, in entering the contract with defendant, to secure some method of preventing loss to his business as the result of burglary. As noted above at page 39, the occurrence of a burglary, even though it is a criminal act, was contemplated by the terms of the contract. It would seem, therefore, that plaintiff should be afforded the opportunity to prove that his losses were due to defendant's breach of contract. In H. G. Metals, Inc. v. Wells Fargo Alarm Services, supra, the court, in dealing with a situation in which the alarm company failed to properly respond to a warning signal, stated:

"On these facts Trial Term dismissed the complaint. Dismissal was based on the ground that had Wells Fargo notified the police and the subscribers in the area there was no proof that the burglary would have been prevented. There is authority for this ruling (Silverblatt v. Brooklyn Telegraph & Messenger Co., 150 App. Div. 268, 134 N.Y.S. 765). However, we believe that this case should be restricted to its peculiar facts. While it is quite true that the burglary, rather than the failure to give notice, was the proximate cause of the loss, the service that the defendant contracted to perform was designed to prevent a burglary or minimize the consequences. If no consequence were to result from a complete breach, the benefits that a subscriber would have would be completely illusory." 359 N.Y.S.2d at 800.

At the time summary judgment was entered the district court had before it the plaintiff's complaint, the defendant's answer and counterclaim, the plaintiff's reply to the counterclaim and a transcript of the deposition of the plaintiff, Mohammed Abdallah. The plaintiff's pleadings and deposition, when taken in a light most favorable to him, indicate that the defendant had failed, after notifica-

tion that the burglar alarm was inoperable, to adhere to the contract to maintain the alarm system. The defendant offered no affidavits or other sworn material to counter the plaintiff's assertions in his deposition. A document alleged to be the contract between the parties was attached to defendant's unsworn memorandum of law in support of its motion for summary judgment. However, even assuming this document to be genuine, it is so vague and indefinite as to the terms of the agreement that it seems clear that it would be subject to amplification by parol and any available written evidence in the event of trial.[4]

Finally, the question of what funds, if any, plaintiff owes the defendant on its counterclaim remains unresolved.[4a] We conclude that there exist several material questions of fact not susceptible to resolution on a motion for summary judgment on the present record.[5]

Accordingly, the order of the district court will be reversed and the cause remanded for further proceedings consistent with this opinion.

---

[4] Restatement of Contracts §§ 238, 242 (1932); Restatement of Contracts Second § 240 (Tent. Draft No. 6, 1971).

The contract states:

"1. Mr. M. Abdallah, being the owner, occupant or the lessee of premises at Holyland Store, 9-B & 10-A Kronprindsens Gade; Box 483, hereby rents from the Caribbean Security Agency, Inc. a burglar and fire alarm system, to be delivered and installed at the above premises, for a period of 3 years, commencing Feb. 1, 1971 and agrees to pay the sum of $375.00 upon installation and $12.00 per month for rental and maintenance, plus any taxes.

"2. The Caribbean Security Agency, Inc., in return for such consideration, agrees to keep and maintain the said alarm system in good and serviceable condition and to inspect it whenever duly notified."

[4a] It is not clear from the record whether defendant will waive its counterclaim in light of the remand incident to this opinion.

[5] We recognize that the plaintiff may have difficulty in establishing the causation necessary for recovery. However, the facts have not been sufficiently developed to make a determination of this issue. This Court has recently used this wording in reversing a district court grant of summary judgment:

"We do not catalogue the many variables which a complete resolution of the facts may reveal because we cannot anticipate all of the issues which may be presented. We have noted only some of the obvious problems which were removed from consideration by the entry of summary judgment." Diskmakers, Inc. v. DeWitt Equipment Corp., 555 F.2d 1177 (1977), at note 4.