## Raewin Clothes, Inc. v. Altronics, Inc.

*Samuel W. Salus, II*, for plaintiff.
*Charles J. Fonzone*, for defendant.
*Samuel W. Salus, II*, for additional defendant Factory Slack.

*Eric R. Tobin,* for additional defendant Alarm Device.

*Brenden E. Brett,* for additional defendant Advisor Security.

BECKERT, *P.J.,* February 24, 1978 — Plaintiffs in these consolidated actions seek to recover money damages for losses sustained as a result of a burglary at the premises of Factory Slack Rack, Inc. Plaintiffs contend that defendant Altronics, Inc. was negligent in its design, installation, adjustment and maintenance of the burglar alarm system which it furnished on those premises. Altronics, Inc. has in turn joined Alarm Device Manufacturing Co. and Advisor Security as additional defendants in both suits. We have before us for consideration now motions for summary judgment filed by Alarm Device Manufacturing Co. and Altronics, Inc.

Both defendants argue that under Pennsylvania law the failure of a burglar alarm system to operate properly during a burglary does not give rise to a right of recovery, since such failure was not the proximate cause of the loss. They rely upon Nirdlinger v. American District Telegraph Company, 245 Pa. 453, 91 Atl. 883 (1914), where our Supreme Court held that under such circumstances the proximate cause of the burglary was the criminal act of the burglar himself, and not the comparatively remote failure of defendant to reset the alarm. The Nirdlinger holding was followed in Trexler Orchards, Inc. v. Altronics, Inc., 51 D. & C. 2d 79 (1970), where defendant, sued for breach of warranty, was granted summary judgment. The Allegheny County Court there referred to an annotation at 165 A.L.R. 1254 stating that one

who furnishes, installs or maintains a burglar alarm system is not liable for a burglary loss sustained by the recipient of that service, even where the installation was negligent or the contract for the service to be furnished was breached.

We believe that such a view of the law unrealistically ignores present-day realities. As the crime rate escalates, more and more people and businesses turn to the burglar alarm as a means to protect themselves from being victimized, and we are well aware that the cost of such protection is often quite substantial. Accordingly, we look with more favor upon the view of the law more recently enunciated in Abdallah v. Caribbean Security Agency, 557 F. 2d 61 (3d Cir. 1977). The Federal Court there was cognizant of Nirdlinger and similar holdings in other jurisdictions, but nevertheless focused upon the Restatement, 2d, Torts, §448, for the proposition that where an intervening criminal act (such as a burglary) was *foreseeable*, the original actor's negligence (such as the alleged faulty installation or maintenance of a burglar alarm system) may be considered to be the proximate cause of the loss, so that the installer may be found liable, despite the happening of the criminal act.

One of these consolidated actions has been brought in trespass, and the other in trespass and assumpsit. Neither sets forth any claim of breach of warranty and neither refers specifically to any breach of contract. However, as in Abdallah, supra, it is nevertheless possible that evidence could present a jury question of whether the loss sustained by plaintiffs was proximately caused by defendants' negligent failure to perform contractual duties owed by them.

Likewise, we are not persuaded that the facts contained in the depositions would support our

granting summary judgment in favor of defendants Altronics and Alarm Device. Questions of fact obviously exist concerning the reliability of the system installed, in view of the chronic failures and "false alarms" which evidently occurred prior to the date of the burglary, and the failure of the system to properly function on the day after the burglary, when the theft was re-enacted. There certainly is not ample evidence before us now to show that the evidence potentially available at the time of trial could not result in a verdict for plaintiffs and against the moving parties: Bollinger v. Palmerton Area Communities Endeavor, Inc., 241 Pa. Superior Ct. 341, 361 A. 2d 676 (1976). A summary judgment is to be entered only in the clearest of cases, where there is not the slightest doubt as to the absence of a triable issue of material fact: Phillips Home Furnishings, Inc. v. Continental Bank, 231 Pa. Superior Ct. 174, 331 A. 2d 840 (1974).

## ORDER

And now, February 24, 1978, the motions for summary judgment filed by Altronics, Inc. and Alarm Device Manufacturing Co. are hereby dismissed and denied.