**Hind, Manale and Merwan MOGE, by Pearl Burns and Stanley Burns**

**v.**

**Raymond A. MORRIS, District Director, U. S. Immigration and Naturalization Service and Oswald I. Kramer, Regional Commissioner, U. S. Immigration and Naturalization Service.**

Civ. A. No. 78–709.

United States District Court,
E. D. Pennsylvania.

April 27, 1979.

James J. Orlow, Wasserman, Orlow, Ginsburg & Rubin, Philadelphia, Pa., for plaintiffs.

Peter F. Vaira, U. S. Atty., Alexander Ewing, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This is an action for declaratory judgment [1] under 28 U.S.C. § 2201 arising from the Immigration and Naturalization Service's denial of plaintiffs' applications for adjustment of immigration status under the

---

1. Review of administrative actions may properly be sought by way of an action for declaratory judgment. *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

provisions of 8 U.S.C. § 1255.[2] Title 8 U.S.C. § 1255(a) provides:

> The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

Defendant Raymond Morris, District Director of the Immigration and Naturalization Service for the Fourth District, rejected plaintiffs' applications on the ground that they could not qualify for visas under the Service's regulation set forth at 8 C.F.R. § 212.8(b). Defendant Morris certified the case for review to defendant Oswald Kramer, Regional Commissioner of the Immigration and Naturalization Service for the Eastern Region. While affirming Morris' decision, Kramer did not rely on plaintiffs' inability to comply with the Service's regulation; rather, he invoked the Attorney General's statutory discretion in denying the applications without expressly ruling on plaintiffs' visa eligibility.

Suit is brought on behalf of plaintiffs, Hind, Manale and Merwan Moge, minor citizens of Jordan traveling on documents issued by Israel, by Pearl and Stanley Burns, United States citizens who have adopted plaintiffs under the laws of the State of Pennsylvania. Plaintiffs' natural father is presently in the United States as a non-immigrant student and is accompanied by their natural mother, who was admitted as the spouse of a student; neither natural parent has applied for permanent resident status. Both natural parents will be required to leave the country at the conclusion of Mr. Moge's studies. *See Dibadj v.*

*Immigration and Naturalization Service,* 411 F.2d 983 (3d Cir. 1969). Whatever effect the adoption of plaintiffs may have in other situations, it does not qualify them as children of United States citizens under the immigration laws because plaintiffs continue to reside with their natural parents. 8 U.S.C. § 1101(b)(1)(E).

Defendants have filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56. After reviewing the record, the Court finds that there is no genuine issue as to any material fact, and, for the reasons hereinafter stated, grants the defendants' motion for summary judgment.

Fed.R.Civ.P. 56(c) provides in pertinent part:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In determining the propriety of granting a motion for summary judgment, the court must consider whether there is a genuine issue as to any material fact and resolve all doubts concerning the existence of such facts against the moving party. *Hicks v. ABT Associates, Inc.,* 572 F.2d 960, 967 (3d Cir. 1978); *Abdallah v. Caribbean Security Agency,* 557 F.2d 61, 63 (3d Cir. 1977); *Scott v. Plante,* 532 F.2d 939, 945 (3d Cir. 1976). If there is a genuine issue relating to any material fact the motion for summary judgment will be denied. *Ettinger v. Johnson,* 556 F.2d 692, 696 (3d Cir. 1977); *Fairbanks, Morse and Co. v. Consolidated Fisheries Co.,* 190 F.2d 817, 824 (3d Cir. 1951); *Toebelman v. Missouri-Kansas Pipe Line Co.,* 130 F.2d 1016, 1018 (3d Cir. 1942).

Plaintiffs have not responded to defendants' motion for summary judgment. The failure to respond does not relieve the mov-

---

**2.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331(a) and 8 U.S.C. § 1329. *See Acosta v. Gaffney,* 558 F.2d 1153 (3d Cir. 1977).

ing party from his burden of demonstrating the propriety of granting the motion for summary judgment. *Adickes v. Kress*, 398 U.S. 144, 159–60, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

■ The first count of the complaint alleges that Morris did not possess authority to certify the case to Kramer and that the consequence of such action was to deprive plaintiffs of due process.[3] At the outset, we note that "[w]hatever the standard by which we should evaluate . . . the decision of an [agency] to *grant* [review], it is certainly less severe than that applicable to a court's review of an agency's denial [of such action]." *Brennan v. Occupational Safety and Health Review Commission*, 492 F.2d 1027, 1031 (2d Cir. 1974) (Friendly, J.) (emphasis in original). Plaintiffs failed to raise this issue before the Immigration and Naturalization Service. Indeed, rather than opposing Kramer's review of the case, plaintiffs requested that the Regional Commissioner entertain oral argument on the merits. "[O]rderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts." *United States v. L. A. Tucker Truck Lines*, 344 U.S. 33, 37, 73 S.Ct. 67, 97 L.Ed. 54 (1952). Failure to raise timely objections before an administrative agency constitutes a violation of the rule requiring exhaustion of administrative remedies prior to judicial review. *Cotherman v. Federal Trade Commission*, 417 F.2d 587 (5th Cir. 1969). Moreover, plaintiffs have not been prejudiced by any action taken on behalf of the Immigration and Naturalization Service. The regulations of the Immigration and Naturalization Service provide that an alien may secure administrative review of a decision not to grant adjustment of status when adjustment is sought in the context of deportation proceedings. 8 C.F.R. § 3.1(b)2; 8 C.F.R. 242.17. In the case *sub judice*, the Immigration and Naturalization Service al-

lowed plaintiffs to present appellate arguments without requiring that they risk deportation. Clearly, plaintiffs have not been prejudiced by administrative action. Given plaintiffs' failure to raise this issue before the Immigration and Naturalization Service and the lack of identifiable prejudice, the Court concludes that plaintiffs have waived any objection they might have to the certification procedure invoked by defendants.

The second count of the complaint challenges the trial examiner's conclusion that plaintiffs were ineligible to receive visas, as required by 8 U.S.C. § 1255(a)2. The Court need not confront this argument because the Regional Commissioner did not base his determination on plaintiffs' inability to secure visas, relying instead on his statutory discretion to deny the application. Where an appellate authority within an administrative agency relies on grounds distinct from those asserted by the trial examiner, it is the appellate decision that is before the Court. *Greater Boston Television Corp. v. Federal Communications Commission*, 143 U.S.App.D.C. 383, 395, 444 F.2d 841, 853 (1970), *cert. denied*, 403 U.S. 923, 91 S.Ct. 2229, 29 L.Ed.2d 701 (1971).

■ The third count of the complaint alleges that the defendant, Regional Commissioner, abused his discretion in denying plaintiffs' applications for adjustment of status. Title 8 U.S.C. § 1255(a) empowers the Attorney General to employ his discretion in denying an application for adjustment of status even though an applicant may meet the other requirements of the statute. The Attorney General, or his delegate, is not required to rule on an applicant's statutory eligibility for adjustment of status where he invokes his discretion in denying an application. *Immigration and Naturalization Service v. Bagamasbad*, 429 U.S. 24, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976) (per curiam).

In reviewing an exercise of discretion under 8 U.S.C. § 1255(a), a court is limited to ascertaining whether "there is factual sup-

---

**3.** Although plaintiffs have framed their argument in terms of jurisdiction, it is clear that they are challenging the administrative review-

ability of the District Director's decision and not the jurisdiction of the Immigration and Naturalization Service.

559

port in the record for the [administrative] decision that adjustment of status is not appropriate." *Von Pervieux v. Immigration and Naturalization Service*, 572 F.2d 114, 118 (3d Cir. 1978). "Adjustment of status is . . . a matter of administrative grace, not mere statutory eligibility." *Ameeriar v. Immigration and Naturalization Service*, 438 F.2d 1028 (3d Cir. 1971).

Regional Commissioner Kramer denied plaintiffs' applications on the ground that "the immigrant [sic] status of a child of tender years will ordinarily be the same [as] that of his parents." Immigration and Naturalization Service File A21 163 293 at 99. Kramer relied on the Service's policy of preserving the family unit. *Id.* The preservation of the family unit is a proper concern of the Immigration and Naturalization Service. *Chen v. Foley*, 385 F.2d 929, 930 (6th Cir.), *cert. denied*, 393 U.S. 838, 89 S.Ct. 115, 21 L.Ed.2d 109 (1967). None of the parties dispute that plaintiffs' natural parents will be required to depart from the United States in the foreseeable future. Plaintiffs' adoption is not recognized as valid for the purposes of the immigration laws since the children are not residing with the adoptive parents. 8 U.S.C. § 1101(b)(1)(E). Had the Regional Commissioner acceded to plaintiffs' requests, he would have allowed the parties to circumvent the adoption requirements of the immigration laws, enabling the children to remain in the United States after the departure of their natural parents, with whom they presently reside. Clearly, there is factual support on the record for the Regional Commissioner's discretionary denial of plaintiffs' applications for adjustment of status; therefore, this Court finds there has not been an abuse of discretion.

Accordingly, defendants' motion for summary judgment is granted for the reasons set forth above.